341 P.2d 933

Albert A. WALKER and Adalia A. Walker, husband and wife, dba Sunnyside Water Company, and Sunnyside Water Company, Inc., an Arizona corporation, and Arizona Corporation Commission and William T. Brooks, Mit Simms and E. T. Williams, as elected members of and comprising the same, Appellants,

v.

Evo DE CONCINI and Ora DeConcini, husband and wife, Walter E. Murphey, Jr., and Helen Murphey, husband and wife, Appellees.

No. 6514.

Supreme Court of Arizona.

July 16, 1959.

Robert Morrison, Atty. Gen., and Jack G. Marks, Sp. Asst. Atty. Gen., Udall & Udall and Gaynor K. Stover, Tucson, for appellants.

Hall, Catlin & Jones, and J. Richard Hannah, Tucson, for appellees.

Snell & Wilmer, Perry M. Ling, Nicholas H. Powell, Jennings, Strouss, Salmon & Trask, and Clarence J. Duncan, Phoenix, and Lawrence V. Robertson, Tucson, amici curiae.

OGG, Superior Court Judge.

This case was commenced in the Superior Court of Pima County by the appellants, Albert A. Walker and Adalia A. Walker, husband and wife, dba Sunnyside Water Company, and the Sunnyside Water Company, Inc., an Arizona corporation, fil-

ing a complaint for a declaratory judgment against appellees, Evo DeConcini and Ora DeConcini, husband and wife, and Walter E. Murphey, Jr., and Helen Murphey, husband and wife.

The original complaint asked the Court to clarify the rights of the parties and to adjudicate that the certificate of convenience and necessity issued by the commission to the appellants, Albert A. Walker and Adalia A. Walker in 1948, to operate a domestic water company in Pima County, Arizona, was lawfully issued, valid, and of full legal force.

The Commission, answering separately, prayed for the same relief as appellants, Walker. The appellees, DeConcini and Murphey, answering together, prayed for a judgment decreeing the certificate to be null, void, and of no force and effect in the premise and particularly as to their lands covered by the franchise.

The Court below, after trial of the cause, entered a formal and final declaratory judgment in favor of the contentions of appellees DeConcini and Murphey, that the certificate of convenience and necessity was void as to their lands. The judgment being adverse to the Commission's contentions, the Commission then joined with appellants, Walker and the Sunnyside Water Company, Inc., in this appeal.

The facts as appear from the record are that the appellants, Walker, were granted a certificate of convenience and necessity by the Arizona Corporation Commission in July, 1948, to operate a water utility in an area containing approximately one and one-quarter sections of land in an area south of Tucson, commonly known as Sunnyside or Emery Park. The Board of Supervisors of Pima County also granted a franchise to them covering the same area. The appellees, DeConcini and Murphey each owned approximately a one-quarter section of unimproved land within the area covered by the certificate and franchise. From 1948, the appellants, Walker, operated under this franchise and developed a water system that grew until it was serving over one hundred and fifty customers by 1956. Appellants, Walker, never served the lands of appellees, DeConcini and Murphey, for the reason their land holdings were not developed and no request for service was made.

In 1956 appellants, Walker, made application before the Commission to sell and transfer their water utility and the certificate of convenience and necessity to appellant, Sunnyside Water Company, Inc. At the hearing of the application, appellee, DeConcini, appeared and challenged the validity of the certificate as issued by the Commission; thereafter, the parties to the sale and purchase mutually desiring an adjudication of the legality of the certificate, filed their complaint for a declaratory judg-

ment against appellees, DeConcini and Murphey.

Although there are nine separate assignments of error in this appeal, they are all interrelated, and the crux of the material legal problems to be determined by this appeal are stated simply as follows:

1. Was legal or proper notice given at the original hearing by the Corporation Commission in July, 1948, when Walker's application for a certificate of convenience and necessity was heard by the Commission?

2. Was that hearing legally held and conducted?

3. Were certain omissions in the form of the Commission's final opinion and order such fatal defects as would invalidate the certificate?

Since the notice, the manner of conducting the hearing, and the sufficiency of the final order, are of prime importance in this case, a more detailed statement of these facts is required.

Appellants, Walker, in the latter part of July, 1948, made formal application to the Arizona Corporation Commission for a certificate of convenience and necessity. This application became "Docket No. U-1242" with the Arizona Corporation Commission, and the Commission set the matter for hearing at Tucson, Arizona, on August 10, 1948. A mimeographed form of Notice of Hearing was mailed to the following parties: the Board of Supervisors of Pima County, the Clerk of the City of Tucson, Arizona, and to the Arizona Daily Star on August 3, 1948. The Commission also advised the attorneys representing appellants, Walker, by mail of the hearing date. No publication was made by the Arizona Daily Star, and no other notice of the hearing, other than that set out above, was given.

On the day of the hearing one member of the Corporation Commission and his staff were present in Tucson to hear the various matters pending before the Commission. After calling the Walker application for hearing, and after determining that no one was present for the purpose of protesting the application, the commissioner assigned the taking of testimony to W. H. Linville, Director of Utilities for the Corporation Commission. Sworn testimony was taken before Mr. Linville, who made penciled notes of the same, and the hearing was concluded. No commissioner, no stenographer or court reporter was present at this hearing, and no testimony was transcribed and filed with the Commission with the exception of Mr. Linville's brief notes.

Thereafter, evidently based on the recommendation of Mr. Linville, the Commission granted the certificate of convenience and necessity to appellants, Walker, on October 15, 1948. It should be noted that Mr. Linville died prior to the trial in the lower

court, and the only evidence regarding his recommendations appears in his notes made at the hearing in which he says, "Recommend issuance of Certificate as prayed for."

The opinion and order entered by the Commission granting the certificate failed to describe the certificated area, but did refer specifically to the Commission Docket Number U–1242, wherein a complete description of the land area was on record.

We will now discuss individually the principal legal questions raised by this appeal.

*Was legal or proper notice given at the original hearing by the Corporation Commission in July, 1948, when Walker's application for a certificate of convenience and necessity was heard by the Commission?*

■ It is the opinion of this court that under the constitution and laws of the State of Arizona there is no requirement that notice of the application hearing be given to all landowners or potential water customers residing within the area covered by an original application for a certificate of convenience and necessity to operate a domestic water utility. The general rule covering notice at such hearings is set out in 43 Am.Jur., Public Utilities and Services, § 218, whereat it is stated:

"Whether notice and a hearing in proceedings before a public service commission are necessary depends chiefly upon the statutory or constitutional provisions applicable to such proceedings, * * *."

Article 15, Section 6, Constitution of Arizona, A.R.S., and Chapter 69, Arizona Code Annotated, 1939 [A.R.S. § 40–201 et seq.], under which code the application was made, fails to disclose any requirement of "notice" on an application for an original certificate to operate a domestic water utility.

Arizona Administrative Procedure Act, Title 11, Article 1, Section 1, Rules of Practice and Procedure of the Corporation Commission, reads as follows:

"Sessions of the Commission shall be held by it at such times and places as the business of the Commission shall require and after such notice as is required by law or determined by the Commission."

The Commission, in the absence of any statute spelling out notice, followed its own rules of procedure and sent notice in this case, under the Commission's normal practice, to the City of Tucson, the County of Pima, the attorneys of record, and a news item to the Arizona Daily Star. Since the matter of notice is within the discretion of the Commission in such a case, we do not feel the Commission was required by law to give any special notice to appellees, DeConcini and Murphey, in their capacity

as landowners in the area to be covered by the certificate of convenience and necessity.

Obviously, in matters relating to common carriers by motor vehicle (A.C.A. 1939, Section 66–506, now A.R.S. § 40–607) the Legislature has required a "notice". In such cases the rules of the Commission recognize that such notice be given; however, where the law in a particular phase of Commission jurisdiction does not provide for "notice", or further, the manner of notice, the Commission may determine the notice or manner of notice in its discretion. We do not feel the Commission abused its discretion in this particular case.

*Were certain omissions in the form of the Commission's final opinion and order such fatal defects as would invalidate the certificate?*

The fact that by some clerical omission the description of the land area to be covered by the certificate did not appear on the opinion and order granting the certificate is not a fatal defect. The opinion and order specifically referred to the Docket Number, and a complete legal description of the certificated area was readily available for all to see by an examination of the Docket on file in the office of the Corporation Commission.

The appellees further claim the final opinion and order of the Commission to be defective because it does not contain sufficient findings of fact on which to base the granting of the certificate. The only statutory requirement pertaining to orders of the Commission that is applicable to this case is A.C.A.1939, Section 69–240, now A.R.S. § 40–245, which reads as follows: "Every order, authorization or certificate issued or approved by the commission under this article shall be in writing and entered on the records of the commission. * * *"

It is our view that the Commission's opinion and order that stated a need and demand exists for the proposed service, and the specific order that the application of the applicant be approved constituted a sufficient findings of fact and was a valid order of the Commission.

The appellees' attack on the sufficiency of the Commission order further appears to be a collateral attack upon the certificate, and such matters, if of merit, are permitted by law to be raised only in direct proceedings of direct appeals from the Commission's rulings. Phoenix R. Co. of Arizona v. Lount, 21 Ariz. 289, 187 P. 933; Arizona Public Service Co. v. Southern Union Gas Co., 76 Ariz. 373, 265 P.2d 435; Tucson Rapid Transit Co. v. Old Pueblo Transit Co., 79 Ariz. 327, 289 P.2d 406.

The Corporation Commission is vested by law with authority to pass upon applications for certificates of convenience and

necessity, and when it so acts it acts within the scope of its authority. Procedural or legal errors, if committed at all, such as the omission of the land description on the order and insufficient findings of fact and all other matters pertaining to the form of the certificate itself are barred in a collateral proceeding.

*Was the hearing legally held and conducted?*

■ The Corporation Commission's jurisdiction is limited to those powers given it by the Constitution and the statutes of this state. The specific statutory authority of the Commission to issue a certificate of convenience and necessity is set out in Section 69-235 A.C.A.1939, now A.R.S. § 40-282, the pertinent portion of the statute reads as follows:

"Before any certificate may issue a certified copy of its articles of incorporation, if the applicant be a corporation, shall be filed in the office of the commission. Every applicant for a certificate shall submit to the commission such evidence as required by the commission to show that such applicant has received the required consent, franchise or permit of the proper county, city and county, municipal or other public authority. The commission may, *after hearing*, issue said certificate, or refuse to issue the same, or issue it for the construction of a portion only of

the contemplated street railroad, line, plant or system, or extension thereof, or for the partial exercise only of said right or privilege, and may attach to the exercise of the rights granted by said certificate such terms and conditions as in *its judgment* the public convenience and necessity may require." (Emphasis supplied.)

■ It has been held by this Court that the Corporation Commission is performing a judicial function when it rules on applications for certificates of convenience and necessity. This Court in the case of Pacific Greyhound Lines v. Sun Valley Bus Lines, 70 Ariz. 65, 71, 216 P.2d 404, 409, stated as follows:

"The corporation commission in issuing or denying a certificate of convenience and necessity performs a judicial function which imposes upon the commission the duty to hear before it condemns, to proceed upon inquiry and to render judgment only after trial. Therefore, a certificate of convenience and necessity represents the judgment of the commission reached in the same manner as a judgment of a court of record and it follows that in determining the validity of a given certificate of convenience and necessity the court can go behind what appears upon the face of the certificate, as it has both the right and duty to examine the ap-

plication, order, etc. upon which said certificate necessarily rests."

■ It is the view of this Court that the failure of the Commission to hear the evidence or to have a transcript of the evidence for their study and consideration is not merely a technical omission or informality since it goes to the very heart of the powers to issue the order. It is clear that only the Corporation Commission is authorized to grant certificates of convenience and necessity and cannot lawfully delegate the power to anyone; therefore, any certificate which is not issued as the deliberate and considerate act of the Commission after consideration by it of the evidence, is void for want of jurisdiction and is subject to a collateral attack.

It is a stipulated fact in this case that none of the commissioners were present at the hearing on the application for the certificate, and it is further acknowledged that there was no reporter present and that no transcript of the testimony was taken at the hearing. The fact that there was no transcript of testimony taken is in direct violation of the rules of the Corporation Commission, which covers hearings of the Commission, which is set out as follows:

"Article 1—Sessions of the Commission

"The Commission may designate any of its employees to take testimony and evidence at any hearing on any ap-plication or other matter pending before the commission and submit the same to the commission. A complete record of all hearings held by the commission or by any of its employees shall be made, including a transcript of the testimony offered by any witness at such hearing."

■ It is clear the Commission had authority to have Mr. Linville conduct the hearing, but in choosing that course, the Commission was under the duty to have a transcript prepared for their study.

In fairness to the Commission, it should be noted herein that the reason given at the trial below for not having a reporter and a transcript was due to the Commission's lack of funds. This lack of funds cannot alter the legal principle established by our laws and the rules of the Commission that at a hearing on an application for a certificate of convenience and necessity the Commission must hear the evidence or have a transcript made of the evidence so they can read or have the evidence read to them before they can render an opinion and order on the application.

This Court has heretofore established similar legal principles in a series of Industrial Commission cases. Although these were direct attacks on Industrial Commission orders as distinguished from this case, the reasoning in these decisions has application here.

In King v. Alabam's Freight Co., 38 Ariz. 205, 207, 298 P. 634, 635, this Court, in dealing with an order of the Industrial Commission, where the hearing was had by a referee, stated:

" * * * It appears from the copy of the proceedings certified to this court by the commission that the evidence on rehearing was heard by a referee on May 28, 1930, none of the commissioners themselves being present, and that it had not been transcribed by July 3rd when the award was made. This being true petitioners contend that the commission made the findings and the award without hearing the evidence or knowing what it was and, therefore, that its action was unlawful, arbitrary and in excess of its powers. *This charge, if true, would demand that the decision be set aside because the law contemplates that the orders and awards of the commission shall be made after a full consideration by it of all the facts of the case and shall be its deliberate act. * * * *"* (Emphasis supplied.)

The Court quoted with approval as follows from Johnson v. T. B. Stewart Construction Co., 1930, 37 Ariz. 250, 293 P. 20:

" 'We think it is implicit in the Workmen's Compensation Act that all orders and awards must be the deliberate act of the commission. *It is the duty of the commission as a body to consider and deliberate upon the evidence and all of the evidence, whether the issue be one of compensation or one for the protection of the life, health, safety, and welfare of the employees, and bring to bear their best and most conscientious judgment with a view of reaching a just, fair, and equitable conclusion. The commission cannot delegate this imperative duty to anyone.'* " (Emphasis supplied.)

These cases were approved in Altman v. Pace, 1937, 49 Ariz. 231, 235, 65 P.2d 1164, 1165, also an Industrial Commission case, in which the court went on to say:

"It was therefore not necessary, in order to sustain the award, that the commissioners before making it had the testimony upon which the award either at the original hearing or the rehearing was made transcribed, so that they might read a typewritten copy of the notes. *It was, however, necessary that they should consider all of the evidence upon which the award was based and, therefore, that at least either a majority of the commission be present at the hearing of the testimony; that they have it transcribed and read it; or that they have it read to them by the stenographer who took the original notes."* (Emphasis supplied.)

From an examination of the stipulated facts before us, it appears the Corporation

Commission could not have made the actual decision to issue this certificate, although only the Commission is empowered by our constitution and statutes to do so.

 Appellants have further contended that the appellees were guilty of laches and were thereby precluded from objecting to the validity of the certificate. We do not feel the doctrine of laches can be applied to this case for the certificate was void from the outset because the Commission did not hear the evidence and such a certificate cannot later be validated by any acts of appellees or anyone else on the theory of laches. This principle of law was laid down by this Court in the case of Pacific Greyhound Lines v. Sun Valley Bus Lines, 70 Ariz. 65, 216 P.2d 404, 409, in which the Court said:

"* * * Certificates of convenience and necessity can only be acquired from the corporation commission by an affirmative showing that its issuance would best subserve the public interest and not by estoppel or laches. * * *"

See also Corporation Commission of Arizona v. Pacific Greyhound Lines, 54 Ariz. 159, 94 P.2d 443.

 We hold the certificate of convenience and necessity is invalid for the specific reason that at the application hearing the Commission failed to hear the evidence or have a transcript made of the evidence on which to base their judgment in granting the certificate.

The judgment is affirmed.

PHELPS, C. J., STRUCKMEYER and BERNSTEIN, JJ., and ROBERT E. McGHEE, Superior Court Judge, concur.

NOTE: Justices UDALL and JOHNSON being disqualified, the Honorable ROBERT E. McGHEE, Judge of Superior Court, Gila County, and the Honorable JACK L. OGG, Judge of Superior Court, Yavapai County, were called to sit in their stead and participated in the determination of this appeal.