385 P.2d 213

**STATE of Arizona, Appellant,**

**v.**

**John W. JONES, Appellee.**

**No. 7089.**

Supreme Court of Arizona.

En Banc.

Sept. 19, 1963.

Wade Church, former Atty. Gen., Robert W. Pickrell, present Atty. Gen., Charles C. Royall, Asst. Atty. Gen., for appellant.

Mesch, Jasper, Marquez & Rothschild and May & Dees, Tucson, for appellee.

JENNINGS, Justice.

Appellee, John W. Jones, brought action against appellant, State of Arizona, to require the state to issue to him a mineral lease for the purpose of extracting and removing sand and gravel from state land.

Appellee in 1958 filed 16 mining claims on state land and thereafter applied to the State Land Commissioner for a mineral lease on all of the land included within the claims. The Commissioner denied the application and appellee appealed to the superior court for a trial de novo which was had in October 1959. The court found with respect to two of the claims, Jimsey No. 1 and No. 8, that appellee had performed all acts necessary to perfect a valid mineral claim under the statutes of the State of Arizona and the regulations of the State Land Department, including the discovery thereon of a valuable mineral deposit. The court also found as a conclusion of law that the Commissioner wrongfully denied the mineral lease and that he must issue a lease to appellee.

It is contended the conclusions of law drawn by the lower court may be interpreted to mean either the court found as a matter of law that the Commissioner had no discretion to deny a mineral lease, or the Commissioner abused the discretion which was his to exercise. It is obvious that the former contention must be resolved before the latter becomes material.

Whether the Commissioner has discretion to deny an original mineral lease to an applicant who has discovered a valuable mineral deposit and performed all acts necessary to perfect a valid mineral claim depends upon the construction of A.R.S. §§ 27–231 et seq., which provide for the leasing of state lands for mineral claims, and particularly A.R.S. § 27–233(A), which states:

> "The locator of a lode mining claim or claims on state lands pursuant to this article shall have a *preferred right* to a mineral lease of each claim within ninety days after the date of location." (Emphasis supplied.)

Appellant contends the "preferred right" granted by this section is the same right granted by A.R.S. § 37–281 et seq., providing for the leasing of state land for agricultural, grazing and other purposes. The latter has been construed to be not an absolute right but subject to the discretion of the Commissioner. Appellee, on the other

hand, contends the legislature intended to distinguish between the rights of applicants for agricultural or grazing leases and the rights of applicants for mineral leases.

Pursuant to mandate embodied in Arizona Constitution, Article 10, § 3, A.R.S. the Arizona Legislature adopted in 1915 a land code providing for the leasing of state lands, Ariz.Sess.Laws 2d Spec.Sess. 1915, ch. 5. The bulk of these provisions were couched in general terms, whereas Sec. 38 dealt specifically with mining claims. Among other things, the generally worded provisions allowed the Commission to reject all bids submitted to him in the event several applicants applied to lease the same land (Sec. 31), and provided for a "preferred right of renewal" of the lease if the Commissioner deemed the continued leasing to be in the best interests of the state (Sec. 37). These sections provided the basis for the decision in Campbell v. Caldwell, 20 Ariz. 377, 181 P. 181 (1919), which held the issuance of an *original* lease for grazing purposes to be within the discretion of the Commissioner, as in his judgment would best subserve the interests of the state. Subsequently, the "preferred right of renewal" granted by Sec. 37 was repeatedly construed to give the lessee not an exclusive or absolute right to renew his lease, but a better or superior right, dependent upon the best interests of the state. Campbell v. Muleshoe Cattle Co., 24 Ariz. 620, 212 P. 381 (1923); Boice v. Campbell, 30 Ariz. 424, 248 P. 34 (1926); Manning v. Perry, 48 Ariz. 425, 62 P.2d 693 (1936). The last such interpretation—Ehle v. Tenney Trading Co., 56 Ariz. 241, 107 P.2d 210 —was rendered in 1940. Shortly thereafter the legislature undertook to expand the provisions relating to obtaining mineral leases and enacted a comprehensive body of law which, for the first time, granted the locator of a mineral claim on state land a "preferred right" to an original mineral lease, Ariz.Sess.Laws 1941, ch. 78, Sec. 3. Later, the provision for a "preferred right" to renew the mineral lease was added, Ariz.Sess.Laws 1945, ch. 87, Sec. 3. These provisions are now embodied in A.R.S. § 27–233 (1956).

When a statute uses words whose meaning has become well-known and well-settled under judicial decision, it will be presumed that the legislature used such words in the sense justified by long judicial sanction. McDonald v. United States, 89 F.2d 128 (8 Cir., 1937); Buckley v. Chadwick, 45 Cal.2d 183, 288 P.2d 12, 289 P.2d 242 (1955); State ex rel. Butera v. Lombardi, 146 Conn. 299, 150 A.2d 309 (1959); Illinois Power Co. v. City of Jacksonville, 18 Ill.2d 618, 165 N.E.2d 300 (1960). Therefore, we presume that the legislature knew of the judicial construction given the term "preferred right" as used in statutes relating to leasing of state lands, and intended that the term, as used in the 1941 and subse-

quent enactments, have the meaning previously given it by judicial construction. Hence, the applicant for an original mineral lease does not have an exclusive or absolute right to the lease, but a meritorious claim to be considered by the Commission in light of the best interests of the state.[1]

Inasmuch as the Commissioner may exercise discretion in refusing to issue a mineral lease, it becomes necessary to consider the second proposition originally posed.

Appellant contends upon a trial de novo the superior court may make independent findings of fact as to the existence of a valuable mineral deposit, whether the claim has been properly located and whether the required discovery work has been performed, but may not substitute its discretion for that of the Commissioner as to whether the best interests of the state will be subserved by issuance of the mineral lease; such discretion being reviewable only for abuse thereof. Appellee contends the superior court assumes the position of the Commissioner in all respects upon a trial de novo.

 Earlier statements by the Court in Manning v. Perry, 48 Ariz. 425, 62 P.2d 693 (1936), indicated the discretion of the State Land Commissioner would be controlling except in the case of grave abuse or illegal exercise thereof. However, this view was apparently modified by Duncan v. Mack, 59 Ariz. 36, 122 P.2d 215 (1942), which held that on appeal from an administrative board to the superior court the case will be heard by the superior court in the same manner as though it were an original proceeding in that court, including determination of whether the best interest of the state will be subserved by certain action of the administrative board. Davis v. Brittain, 89 Ariz. 89, 358 P.2d 322 (1961). In light of the holding in the latter cases the superior court's conclusion that the Commissioner abused his discretion, will be sustained. There is sufficient evidence to justify the superior court in finding the Commissioner had abused his discretion by refusing to issue the mineral lease, and to justify the independent judgment of the superior court that the best interests of the state would be subserved by issuance of a mineral lease to appellee.

Judgment affirmed.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.

---

1. A provision making the issuance of an original mineral lease mandatory under certain circumstances has been added to the mining laws since the initiation of this suit. A.R.S. § 27–254.