388 P.2d 236

**ARIZONA CORPORATION COMMISSION, George Senner, E. T. Williams, Jr., and Jack Buzard, as members of the Commission, Appellants and Cross-Appellees,**

**Nava-Hopi Tours, a corporation, Appellee and Cross-Appellant,**

**v.**

**FRED HARVEY TRANSPORTATION COMPANY, a corporation, Appellee and Cross-Appellant.**

**No. 7371.**

Supreme Court of Arizona.

In Division.

Jan. 16, 1964.

orable RICHARD N. ROYLSTON, Judge of the Superior Court of Pima County, were called in to sit in their stead and to participate in the determination of this decision

Robert W. Pickrell, Atty. Gen., Alvin E. Larson, former Asst. Atty. Gen., for appellants and cross-appellees.

Fennemore, Craig, Allen & McClennen, Phoenix, for Fred Harvey Transp. Co., appellee and cross-appellant.

Wilson, Compton & Wilson, Flagstaff, for Nava-Hopi Tours, appellee and cross-appellant.

STRUCKMEYER, Justice.

This appeal is from a judgment of the superior court setting aside a decision of the Corporation Commission with directions to grant an amended certificate of convenience and necessity for motor transportation to Fred Harvey Transportation Company.

Prior to February 1960, two improved motor vehicle routes existed between Flagstaff and Grand Canyon, Arizona. Appellee Fred Harvey Transportation Company, herein called "Harvey", was then authorized as a motor carrier to transport passengers and baggage on a route commencing at Flagstaff and running north on Highway 89 to Cameron and then west on State Route 64 to the Grand Canyon, a distance of approximately 109 miles. Nava-Hopi Tours, herein called "Nava-Hopi", was authorized to transport passengers from Flagstaff to the Grand Canyon west along Highway 66 to its junction with State Route 64 then north to the Grand Canyon, a distance of approximately 91 miles.

In the spring of 1960 a third route was opened through the Kaibab National Forest called the Kendrick Park Cut-off. By the Kendrick Park Cut-off it is approximately 80 miles from Flagstaff to the Grand Canyon, approximately ten miles shorter than Nava-Hopi's route and nearly thirty miles shorter than Harvey's route. Both Harvey and Nava-Hopi filed applications by February 1960 with the Corporation Commission for amendments extending their existing certificates to use the Kendrick Park Cut-off. The applications were consolidat-

ed for hearing by the Corporation Commission which granted Nava-Hopi's application (Decision No. 32293) and denied the application of Harvey (Decision No. 32294). Harvey appealed to the superior court and Nava-Hopi intervened.

The superior court vacated the decision of the Commission denying Harvey's application and directed the Commission to amend Harvey's existing certificate to include the use of the Kendrick Park Cut-off. In effect, the superior court's judgment gave both Nava-Hopi and Harvey the right to serve over the Kendrick Park Cut-off, placing each in unlimited and unrestrained competition with the other. Both the Corporation Commission and Nava-Hopi now question the judgment of the lower court.

Arizona is a regulated monopoly state. We have said this so often it would seem unnecessary to repeat our many statements over the course of so many years. For example, we have said:

"* * * the basic law of the state governing these matters is the doctrine of a 'regulated monopoly' rather than 'free wheeling competition'. Our repeated pronouncements on this subject apparently have gone unheeded insofar as the operations of these carriers are concerned." Old Pueblo Transit Co. v. Arizona Corp. Comm., 84 Ariz. 389, 390, 329 P.2d 1108.

Plainly the court below erred in entering a judgment the effect of which was to permit "free wheeling competition" between two carriers. For this reason alone the judgment of the superior court must be reversed.

While both Harvey and Nava-Hopi were existing carriers between Flagstaff and the Grand Canyon prior to the opening of the Kendrick Park Cut-off, the evidence does not support the conclusion that they were actually in direct competition. On the one hand, Harvey did not operate a scheduled service out of either Flagstaff or the Grand Canyon. It might go a year without operating a bus and then it might send out "six or eight of them in a couple of months". Nor did it maintain any facilities in Flagstaff, neither an office or a place of operation of any kind. Its operations were as a tour, that is, when it had a tour group that wanted to see the east rim of the Canyon and the Painted Desert, Harvey provided a group trip by Cameron. On the other hand, Nava-Hopi scheduled a daily trip of one bus from Flagstaff to the Grand Canyon and if more people than could be carried on one bus applied for transportation, as in the summer time, it was normal to run three or four buses per day. Nava-Hopi's route was much shorter so that, as a practical reality, it monopolized the traffic through its favorable competitive position.

We need not, however, turn this decision on the obvious fact that Nava-

Hopi is in reality the existing carrier between the two termini, Flagstaff and Grand Canyon, and that therefore it had the right to the first opportunity to provide any extended or additional service. See Chicago and West Towns Rys. v. Illinois Commerce Comm., 383 Ill. 20, 48 N.E.2d 320; Egyptian Transp. System v. Louisville & N. R. Co., 321 Ill. 580, 152 N.E. 510. We will treat this case as if both Harvey and Nava-Hopi were existing motor carriers in the field and that neither had an exclusive priority to extend its service as a matter of right.

■  Where a public service body is called upon to decide which of two or more applicants can more adequately serve under the regulated monopoly theory, the courts will not disturb the wide discretion vested unless it appears that its decision was clearly arbitrary or capricious or in disregard of legal rights. Southeastern Greyhound Lines v. Pendleton, 309 Ky. 372, 217 S.W.2d 962; Camden Transit Co. v. Owen, 209 Ark. 861, 192 S.W.2d 757; Illinois Highway Transp. Co. v. Commerce Commission, 404 Ill. 610, 90 N.E.2d 86; Black Hawk Motor Transit Co. v. Illinois Commerce Comm., 383 Ill. 57, 48 N.E.2d 341; State ex rel. Consolidated Freight Lines v. Murray, 182 Wash. 98, 44 P.2d 1031. As was stated in State v. Murray:

"With this principle we are in hearty accord, as the Department of Public Works is the tribunal established by law for the purpose of deciding such questions, being granted a large authority and maintaining a staff of experts to aid by making investigations and preparing evidence proper to be considered in reaching its conclusions. The control of the department is vested in men, selected with reference to their fitness for the work, and they devote all their time to the study of problems affecting the utilities of the state. That a judge of the superior court, or that this court, might be of the opinion that a different order should have been entered than that which the department did enter, does not, of itself, warrant reversal of the department." 182 Wash. 104, 44 P.2d 1033.

■■  By A.R.S. § 40-254, any party in interest may commence an action in the superior court to set aside an order or decision of the Commission on the ground that the order or decision is unlawful or unreasonable. The burden of proof is upon the party seeking to set aside the action of the Commission "to show by clear and satisfactory evidence that it is unreasonable or unlawful". Even if this state were not governed by principles applicable to regulated monopolies, the trial court could not have found that the action of the Commission was unreasonable. The evidence established through the testimony of John Cunningham, operating manager of Harvey, that " * * * there isn't enough busi-

ness there for two bus lines" is uncontradicted. The Commission in selecting Nava-Hopi over Harvey was not unreasonable simply because when compelled to choose it preferred one rather than the other. The judgment of the superior court must be reversed with directions to reinstate Decision No. 32294.

The foregoing disposes of the controversy as between Nava-Hopi and Harvey. However, the Commission has assigned as error the action of the court below in entering its order directing it to enter a wholly new order or decision in favor of Harvey.

■ The statute is plain. By A.R.S. § 40–254, subd. C, the superior court shall enter an order affirming, modifying or setting aside the decision or order of the Commission. We construed this section, then § 69–249 A.C.A.1939, in Maricopa County v. Corporation Commission of Ariz., 79 Ariz. 307, 313, 289 P.2d 183 in this language:

> "The court was further without authority under any set of circumstances to do more than to affirm, modify or set aside the order and decision of the commission as expressly provided by the provisions of section 69–249, A.C.A. 1939. The court exercised neither of the powers granted it under said section but undertook to render an entirely new judgment. This in itself renders the judgment null and void."

In the instant case the trial court did, by indirection, what we expressly prohibited it from doing directly when it ordered the Commission to issue an amended certificate of convenience and necessity.

■ By Article 15 of the Arizona Constitution, A.R.S., the power of determination is lodged in the Corporation Commission to decide these matters. The word "modify", in A.R.S. § 40–254 empowering the superior court "to affirm, modify or set aside", does not grant a right to exercise or supersede an essential function of another public body. Federal Power Commission v. Idaho Power Company, 344 U.S. 17, 73 S.Ct. 85, 97 L.Ed. 15; G. H. Miller & Company v. United States, 7 Cir., 260 F.2d 286.

■ Numerous Arizona cases construing A.R.S. § 40–254 unequivocally hold that the hearing before the superior court is de novo and we have construed this to mean the superior court must exercise an "independent judgment". Arizona Corporation Comm. v. Southern Pacific Co., 87 Ariz. 310, 350 P.2d 765; Simms v. Round Valley Light & Power Company, 80 Ariz. 145, 294 P.2d 378; Gibbons v. Arizona Corp. Commission, 75 Ariz. 214, 254 P.2d 1024; Corporation Commission v. Southern Pac. Co., 55 Ariz. 173, 99 P.2d 702; Corporation Commission of Arizona v. People's Freight Line, 41 Ariz. 158, 16 P.2d 420. This only means that the trial court is empowered to

reach an independent conclusion. It does not mean that the superior court may enter a judgment independent and free of the confining language of the statute. Moreover, it must reach its conclusion that the Commission's decision was unreasonable or unlawful upon clear and satisfactory evidence. Such was not the case here.

Judgment reversed.

LOCKWOOD, V. C. J., and BERNSTEIN, J., concur.