423 P.2d 136

**Vernon B. SMITH, Appellant,**

v.

**Obed M. LASSEN, State Land Commissioner, State of Arizona, and Banner Mining Company, Appellees.**

**No. 2 CA–CIV 230.**

Court of Appeals of Arizona.

Jan. 27, 1967.

Rehearing Denied March 7, 1967.
See 5 Ariz.App. 208, 424 P.2d 856.

Cattany & Howe, by Robert E. Cattany, Tucson, for appellant.

Darrell F. Smith, Atty. Gen., by Dale R. Shumway, Twitty, Sievwright & Mills, by George E. Reeves, Phoenix, for appellees.

MOLLOY, Judge.

This is an appeal from a summary judgment granted in the superior court in an action arising there as an appeal from a decision of the State Land Commissioner denying the application of Vernon B. Smith for a prospecting permit as to certain state lands. The summary judgment rendered upheld the decision of the Land Commissioner denying the permit, which decision had been based upon the finding of the State Land Commissioner that the land described in the application for prospecting permit was already under a state mineral lease to the Banner Mining Company. Banner Mining Company intervened in the appeal action filed in the superior court, but the record discloses no participation by Banner in the proceeding before the State Land Commissioner on Smith's application for a prospecting permit.

The land in question is located south of the City of Tucson, Arizona, in the Twin Buttes mining district. The surface of the ground in the area concerned is covered with an alluvial material which has no valuable minerals therein to a depth of several hundred feet. On June 16, 1955, the State Land Commissioner leased the subject land to one James P. Nash. In the files of the State Land Department pertaining to this lease there are statements by Nash that the land in question had been located in full compliance with the mining laws and that the necessary "location work" had been performed thereon. On July 17, 1958, Nash's lease was canceled by the State Land Department for nonpayment of rentals.

On May 21, 1960, one James A. Woolsey made three "lode" type locations upon the

subject property, purportedly in pursuance of A.R.S. § 27–232, subsec. A, and on August 15, 1960, Woolsey deeded a one-half interest in these claims to Smith. The Nash lease had been designated by the State Land Department as being a "placer" lease. Woolsey admittedly had no privity with Nash. Smith, however, contends that Woolsey, in making his lode claims, adopted the discovery of valuable minerals upon the land made by Nash and that the State Land Department is "estopped" to deny the existence of such discovery by reason of its having issued a lease to Nash. This novel theory will not be passed upon by this court because we believe the case should be disposed of on other grounds.

On August 19, 1960, the ninetieth day after the location of his claims,[1] Woolsey mailed an executed application for a state lease on the subject property, which was received by the State Land Department in Phoenix on August 22, 1960, and assigned No. M–1168 by that department. Also, on August 19, Woolsey executed three relocation notices as to the subject claims, which were filed with the State Land Department on September 15, 1960. The location notices are commenced with the statement that they are filed " * * * without a waiver of my previously acquired rights."

On August 20, 1960, the intervenor, Banner, made claim locations upon the same claims, and on September 7, 1960, made an application to the State Land Department for a mineral lease based on these locations. This application was assigned by the State Land Department mineral lease No. M–1202. On August 25, 1960, the State Land Commissioner ordered the termination of Woolsey's rights under mineral lease application No. M–1168 because of a finding that he had failed " * * * to show evidence to the State Land Department that he has discovered a valuable mineral deposit on any of the claims filed within ninety days from the date of location." On Sep-

tember 24, 1960, Woolsey appealed to the superior court from the August 25th order of the State Land Commissioner terminating his rights under the location notices made in May of 1960. This appeal was dismissed "without prejudice" for lack of prosecution in the superior court on August 17, 1962 (civil action No. 69426).

From August 20, 1960, onward, according to an affidavit filed by Woolsey, Banner has been in exclusive possession of the subject claims and has prevented Woolsey from entering upon the claims by the use of "armed guards." On November 21, 1960, Banner relocated the land in question, and on December 5, 1960, Banner again applied for a mineral lease on the subject land, which application was assigned No. M–1290. On March 7, 1961, this latter application for lease was granted and lease No. M–1290, effective as of December 5, 1960, and terminating February 4, 1980, was issued to Banner. On June 16, 1961, Banner's application M–1202 was terminated for "non-completion."

On July 7, 1965, Smith, pursuant to A.R.S. § 27–251, made application to the State Land Department for a mineral prospecting permit covering this same land. This application for prospecting permit was rejected by the State Land Commissioner on July 27, 1965. A.R.S. § 27–251, under which Smith was seeking to obtain a prospecting permit, limits the granting of such permits to state land " * * * open to entry and location as a mineral claim or claims".

In Woolsey v. Lassen, 91 Ariz. 229, 371 P.2d 587 (1962), our Supreme Court upheld the validity of Rule 5 of the Rules and Regulations of the State Land Department reading as follows:

"When an application for lease or permit covers land already under lease for the same purposes, such application will be rejected by the Commissioner to the

---

1. A.R.S. § 27–233, subsec. A provides: "The locator of a lode mining claim or claims on state lands pursuant to this article shall have a preferred right to a mineral lease of each claim within ninety days after the date of location."

extent that the Land Described therein is included within an existing lease or permit."

The Supreme Court said:

"The foregoing rule is obviously in harmony with legislative intent and justified the Commissioner's rejection of plaintiff's application for the lease on this specific ground."

91 Ariz. at 237, 371 P.2d at 592.

Smith contends on appeal that the rejection by the Land Department of his prospecting permit and the granting of the summary judgment by the trial court was erroneous because the land for which he sought his permit was "open to entry and location as a mineral claim or claims". Smith contends that the lease granted to Banner was void; therefore, it is subject to collateral attack in a proceeding to obtain a prospecting permit.

The contention that the lease is void is based upon two reasons. First, it is contended that the granting of the Banner lease No. M–1290 on March 7, 1961, was a direct violation of A.R.S. § 27–237 which reads as follows:

"§ 27–237, Review by commissioner

"All questions arising between a locator or lessee and the commissioner under this article shall be subject to review as in other cases involving state lands, and *the locator's or lessee's right to possess and operate his claim shall continue until the question is finally determined."* (Emphasis added)

Smith contends that, as the Woolsey appeal was pending at the time of the granting of this lease to Banner, the issuance of this lease was an ultra vires act by the State Land Commissioner. Secondly, Smith contends that Woolsey's affidavit that he was kept off the subject claims by "armed guards" must be accepted as true on a motion for summary judgment, Sarti v. Udall, 91 Ariz. 24, 369 P.2d 92 (1962), and that for the purposes of the motion, therefore, the Banner lease should be considered "void" because its entry on the land was in "bad faith" under the doctrine of Bagg v. New Jersey Loan Company, 88 Ariz. 182, 354 P.2d 40 (1960), and Brown v. Murphy, 36 Cal.App.2d 171, 97 P.2d 281 (1939).

Before answering the question as to whether the subject lease was "void," it is necessary to reiterate certain fundamental principles in respect to the State Land Department and the decisions rendered in that special tribunal. The legislature of Arizona has vested the power to administer state lands in the Land Department and "[e]xcept as otherwise provided, determine all disputes, grievances or other questions pertaining to the administration of state lands." (From A.R.S. § 37–132, subsec. A, (6).) Its decisions are " * * * final and conclusive" in the absence of an appeal to the superior court. A.R.S. § 37–133, subsec. C. The decision by the Land Department to issue a lease has been held to be an order which becomes final and conclusive in the absence of an appeal. Moeur v. Chiricahua Ranches Co., 48 Ariz. 226, 61 P.2d 163 (1936).[2] In passing upon applications to lease state land the Land Department is acting "judicially" and cannot rescind its own orders after they become final. Hunt v. Schilling, 27 Ariz. 1, 229 P. 99 (1924), rehearing denied 27 Ariz. 235, 237, 232 P. 554 (1925). In performing its function, the Department may exercise discretion in refusing to issue a mineral lease to the first claimant, even though such a claimant has

---

2. Section 2966 of the Revised Code of 1928, under which section the *Moeur* decision was rendered, was repealed by section 7, chapter 58, Laws of 1950 (First SS). There have been at least two appeals under the provisions of law substituted for section 2966 as to decisions of the Land Department to grant a lease upon state land. This is indicated by the following two decisions of our Supreme Court, which, however, do not touch upon whether such a decision would be final and conclusive in the absence of an appeal: Montierth v. State Land Department, 84 Ariz. 100, 324 P.2d 228 (1958); Williams v. Greene, 95 Ariz. 378, 390 P.2d 907 (1964).

established a "preferred right" in pursuance of A.R.S. § 27–233 in staking out a mining claim upon the property. State v. Jones, 94 Ariz. 334, 385 P.2d 213 (1963). This is in contrast to the law pertaining to mining claimants on the federal public domain, in that the owner of a valid mining claim has a property right " * * * in the highest sense of that term * * *." Belk v. Meagher, 104 U.S. 279, 14 Otto 279–291, 26 L.Ed. 735 (1881).

■■■ Generally, it is the law that an administrative decision made within the jurisdiction of the agency is not subject to collateral attack. 2 Am.Jur.2d Administrative Law § 493, p. 299, and see 73 C.J.S. Public Administrative Bodies and Procedure § 146, p. 479. We are of the opinion that the application of Smith for prospecting permit was a collateral attack upon the Banner lease. Schwamm v. Superior Court, 4 Ariz. App. 480, 421 P.2d 913 (1966). The attack upon the Banner lease was incidental to the obtaining of a prospecting permit and no direct attack upon the lease was made, either by following the statutory procedure, A.R.S. § 37–289, or by the bringing of an action in equity, as suggested in State ex rel. Mullen v. Hedrick, 51 Ariz. 180, 188, 75 P.2d 366 (1938), and see 73 C.J.S. Public Lands § 206, p. 859.

The test of when an administrative decision is "void for lack of jurisdiction," is elusive. 2 Am.Jur.2d Administrative Law § 495, p. 303, equates this concept with that of " * * * made without statutory power or in excess thereof." And see 73 C.J.S. Public Administrative Bodies and Procedure § 54, pp. 379–380 and § 59, pp. 383–384. In Walker v. De Concini, 86 Ariz. 143, 341 P.2d 933 (1959), it was held that the failure to hear evidence and to have a transcript of

evidence on a petition for a certificate of convenience and necessity rendered an order of the Corporation Commission granting such a certificate void because such omissions went " * * * to the very heart of the powers to issue the order." 86 Ariz. at 151, 341 P.2d at 938.

■■■ We have been cited no case directly pertinent to the problem of whether, if the issuance of the Banner lease was a violation of A.R.S. § 27–237, such would render the issuance of the lease "void." We have concluded that it would not. If, as held in State v. Jones, supra, the rights of a locator upon state mineral lands are not absolute, but are equivalent to only " * * a meritorious claim to be considered by the Commission in light of the best interests of the state" (94 Ariz. at 337, 385 P.2d at 215), then we do not believe that Woolsey's rights, whatever they might have been, were so perfected as to render the issuance of the Banner lease "void." [3] If the expressed intent of our legislature that the decisions of the Commissioner be "final and conclusive" is to have any meaning, certainly each and every violation of a statute by the Commissioner should not render his decision "void."

To aid us in resolving this problem we take analogy in the language of King v. McAndrews, 111 F. 860 (8th Cir. 1901), dealing with the quasi-judicial powers of the Federal Land Department in issuing a patent:

"But land which the department is vested with the power and charged with the duty to hear and decide the claims of applicants for, and to dispose of in accordance with its decision, is within its jurisdiction, and its patent of such land conveys the legal title to it, and is im-

---

3. As noted in State v. Jones, 94 Ariz. at 337, 385 P.2d 213 (Note 1), chapter 24 of the Laws of 1961 makes it mandatory for the Land Department to issue a mineral lease to a person holding a prospecting permit upon " * * * satisfactory proof of discovery of a valuable mineral deposit." However, this law was not in effect at the times pertinent to the in-

stant action nor did either Woolsey or Smith have a prospecting permit on the subject land. We express no opinion as to whether, if Woolsey's rights in this land had been so perfected, a lease issued to a third person during an appeal from an order terminating such rights, would be "void."

pervious to collateral attack, whether its decision is right or wrong."

111 Fed. at 864.

 As to the contention that the "bad faith" entry of Banner renders the lease issued void, we arrive at a similar conclusion. In State ex rel. Mullen v. Hedrick, 51 Ariz. 180, 75 P.2d 366 (1938), our Supreme Court held that if a lease were issued by the Land Department by reason of actionable misrepresentations practiced upon third parties by the lessee, such a lease is not subject to cancellation by the Land Department:

> "The sole basis for cancellation is that one of the moving causes for the issuance of the lease must have been conduct of the nature set forth in the statute [section 2971 Revised Code of 1928, now A.R.S. section 37-289, providing for cancellation of a lease, on notice to the lessee, " * * procured through fraud, deceit or wilful misrepresentation * * *"] and it is obvious that conduct which was unknown to the Land Department at the time it issued the lease could never have been a moving cause towards granting or not granting it. It may be true, as contended by the plaintiff, that defendant was guilty of actionable misrepresentation towards third parties in regard to the entire transaction. If this be true, these parties have their remedy in a court of equity, but their rights cannot be considered in a statutory action for the cancellation of a lease on the ground of fraudulent representations to the state itself."

51 Ariz. at 188–189, 75 P.2d at 369.

We analogize the taking of possession by "armed guards" to the acquisition of a lease through fraudulent misrepresentations. Certainly the latter is as morally reprehensible as the former. And if a lease may not be canceled when attacked directly in the Land Department under A.R.S. § 37-289 for fraudulent misrepresentations to third persons, it would seem to follow that a lease cannot be canceled for "bad faith" as to third parties when such is raised collaterally in an application for a prospecting permit.

 In our opinion, the Land Department had no choice but to deny the application for a prospecting permit filed by Smith. This is an action arising on an appeal from a decision of the Commissioner and is not an original proceedings filed in the superior court. Though appeals from decisions of the Commissioner are to be tried "de novo," A.R.S. § 37-134, subsec. C, the superior court is limited to entering an order which could rightfully have been issued by the Commissioner. State Land Department v. Painted Desert Park, Inc., 3 Ariz.App. 568, 416 P.2d 989 (1966); Arizona Corporation Com'n v. Fred Harvey Transp. Co., 95 Ariz. 185, 388 P.2d 236 (1964).

Judgment affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.