424 P.2d 856

**Vernon B. SMITH, Appellant,**

v.

**Obed M. LASSEN, State Land Commissioner, State of Arizona, and Banner Mining Company, Appellees.**

**No. 2 CA–CIV 230.**

Court of Appeals of Arizona.

March 7, 1967.

Cattany & Howe, by Robert E. Cattany, Tucson, for appellant.

Darrell F. Smith, Atty. Gen., by Dale R. Shumway, Twitty, Sievwright & Mills, by George E. Reeves, Phoenix, for appellees.

MOLLOY, Judge.

The appellee, Obed M. Lassen, State Land Commissioner, in a motion for rehearing, has called our attention to A.R.S. § 37–281, subsec. C, adopted by Chapter 89, Laws of 1941, which the Commissioner contends changes the rule of State ex rel. Mullen v. Hedrick, 51 Ariz. 180, 75 P.2d 366 (1938), which decision was cited in the opinion heretofore released in this action.

The Commissioner contends that the 1941 amendment was specifically adopted by the legislature to change the rule of Mullen v. Hedrick, and of this we have no knowledge. The wording of the 1941 amendment, however, does not indicate to us that the rule of Mullen v. Hedrick was intended to be abrogated. The amendment pertains specifically to "* * * material false statement or concealment of facts made by an applicant * * * *in the application to lease* * * *." (Emphasis added.) In support of his contention that Mullen v. Hedrick is no longer the law of this state, the Commissioner cites Schell v. White, 80 Ariz. 156, 294 P.2d 385 (1956), which he contends holds that "* * * fraud practiced upon a third party * * *" is grounds for cancellation of a lease. The *Schell* decision does not so hold. It is concerned with misrepresentations of material facts *in applications* to the Land Depart-

ment for grazing leases. (80 Ariz. at 160–161, 294 P.2d 385.)

Accordingly, we see no reason to withdraw the analogy taken to the Mullen v. Hedrick case in our original opinion, though we expressly decline to rule whether its holding has been modified by subsequent legislation, because that is not before us.

In considering the pending motion, we have noted in the *Schell* decision language which causes this court some concern as to its holding that:

> "Though appeals from decisions of the Commissioner are tried 'de novo,' A.R.S. § 37–134, subsec. (C), the superior court is limited to entering an order which could rightfully have been issued by the Commissioner." Smith v. Lassen, 5 Ariz. App. 60, 423 P.2d 136 (1967).

There is language in Schell v. White which appears to run counter to this:

> "The question necessarily arises as to the proper procedure to be followed in those cases where the Superior Court, *after a trial de novo,* disagrees with the Land Commissioner's determination and does find fraud or misrepresentation on the part of the lessee or assignee. Is the Superior Court, in reversing the Commissioner, required to send the case back to him and order him to bring a new action to cancel the lease, or does the court have the power to cancel the lease without further proceedings? We believe that the language of Section 11–210, 1952 Cum.Supp., A.C.A. 1939, requiring the Superior Court to try the case de novo, 'make independent findings of fact and conclusions of law from the evidence submitted', contemplates a trial of the issues as if they had originated in the Superior Court and not in the Land Department.
>
> *"In view of the foregoing, and since we do not believe that reasonable men could differ as to the facts indicating misrepresentations of fact on Wooten's part in his two applications,* Mrs. Schell's prior possession, and the uncontroverted testimony of the Land Commissioner as to the policies of the Land Department in giving priority to existing lessees under the Taylor Grazing Act and not breaking up established grazing units, we hereby reverse the judgment of the trial court * * *." (Emphasis added) 80 Ariz. at 165, 294 P.2d at 392.

The *Schell* decision cites no authority in support of these pronouncements. Its language is opposed to the general law that on an appeal from a decision of an administrative tribunal for a trial de novo in a court, while the court may exercise "independent judgment," it is still limited by the same statutory limitations as confined the discretion of the administrative tribunal. Arizona Corporation Commission v. Fred Harvey Transp. Co., 95 Ariz. 185, 191, 388 P.2d 236 (1964). And see 2 Am.Jur.2d Administrative Law § 699, pp. 599–601, and 73 C.J.S. Public Administrative Bodies and Procedure § 198, p. 545. Accordingly, we believe that the above quoted holding of the *Schell* decision should be limited to the peculiar situation there presented, that is, a trial de novo of issues previously tried in an administrative tribunal, the proceeding below having as its purpose the determination of whether an action to cancel a lease should be commenced in the superior court, in which action the issues to be tried would be exactly the same as those actually tried by the superior court in the trial de novo on the appeal. Additionally, there is the possibility that the *Schell* holding would be limited by our Supreme Court to a situation where the proof on the trial de novo was so clear that reasonable men could not differ as to the grounds for cancellation of the lease, a factual situation obviously not pertinent here.

For the reasons stated, the motion for rehearing is denied.

HATHAWAY, C. J., and KRUCKER, J., concur.