732 P.2d 230

**PINE–STRAWBERRY IMPROVEMENT ASSOCIATION, an Arizona non-profit corporation, Plaintiff/Appellee,**

v.

**The ARIZONA CORPORATION COMMISSION, Defendant/Appellant.**

**No. 2 CA–CIV 5822.**

Court of Appeals of Arizona, Division 2, Department B.

Oct. 21, 1986.

Review Denied Jan. 20, 1987.

Bonn & Anderson, P.A. by Jeffrey D. Bonn and Donald E. Anderson, Phoenix, for plaintiff/appellee.

Arizona Corp. Com'n by Timothy M. Hogan, Phoenix, for defendant/appellant.

OPINION

LACAGNINA, Judge.

The Arizona Corporation Commission (the Commission) appeals from entry of judgment on the pleadings, the trial court finding that the Commission violated plaintiff-intervenor Pine-Strawberry Improvement Association's due process rights in the course of acting upon an application by E & R Water Company for a permanent rate increase. The Commission argues that it did not violate Pine-Strawberry's rights by allowing a nonpresiding hearing officer to docket a proposed order in the rate application proceeding. In the alternative, the Commission argues that the superior court's scope of review of the Commission's order was limited to whether the findings and conclusion of the Commission

were supported by substantial evidence. We agree with both arguments raised by the Commission and reverse.

Following E & R's application, Pine-Strawberry was granted leave to intervene. A hearing officer presided over the recorded hearings; however, he resigned prior to the preparation of a proposed order. The chief hearing officer prepared and submitted to the Commission a proposed order relating to the rate increase. The Commission granted the rate increase and denied Pine-Strawberry's application for a rehearing. Pine-Strawberry appealed to superior court on the grounds inter alia that the Commission's decision violated Pine-Strawberry's due process rights and that the decision was arbitrary, unreasonable and unsupported by the evidence. The court granted Pine-Strawberry's motion for judgment on the pleadings, setting aside the Commission's decision and finding "the decision on the proposed rate increase [had] been reached in violation of the constitutional requirements of due process of law."

■ Initially, we hold that the superior court erred in finding that the Commission violated Pine-Strawberry's due process rights. It is well settled that the Commission's hearing staff does not rule on an application for rate increase. *Walker v. DeConcini*, 86 Ariz. 143, 341 P.2d 933 (1959). The Commission has sole authority for making such a decision and is never bound by the hearing officer's recommendation. The Commission's own rules and regulations dictate that the presiding hearing officer shall only prepare recommendations. *See* A.C.R.R. R14–3–110(B). This rule governs "except as may be otherwise directed by the Commission." *See* A.C. R.R. R14–3–101(A). In this case, the Commission directed the hearing officer to prepare the proposed order, and even though he did not personally attend the rate hearings, he had the benefit of the recorded testimony. This is sufficient to comply with due process requirements. *See* K. Davis, *Administrative Law Treatise* ch. 17, § 17.2 (1980). In addition, Pine-Strawberry had notice and participated in the rate hearings. Although it did not exercise its right under R14–3–110 to submit a proposed order for the Commission's consideration, it did state for the record its objections to the proposed order. Its substantial rights were protected. *See National Labor Relations Board v. McKay R. & Tel. Co.*, 304 U.S. 333, 58 S.Ct. 904, 82 L.Ed. 1381 (1938).

■ In addition, we hold the superior court did not properly review the Commission's decision. We defer to the Commission's findings in the absence of a showing of abuse of discretion. *See State ex rel. Corbin v. Arizona Corporation Commission*, 143 Ariz. 219, 693 P.2d 362 (App. 1984). However, without reviewing the record of the rate hearings, the superior court could not determine whether the Commission's order was supported by substantial evidence. *See Arizona Corporation Commission v. Superior Court*, 107 Ariz. 24, 480 P.2d 988 (1971). While we agree that the Commission has broad discretion in its ratemaking authority, we cannot decide whether that discretion has been abused nor can the superior court make such a decision without a review of the proceedings.

We reverse the trial court's judgment and remand for the court to determine, based on a review of the record, whether the Commission's decision is supported by substantial evidence.

LIVERMORE, P.J., and BIRDSALL, J., concur.