[Civil No. 2632. Filed May 14, 1928.]

[267 Pac. 418.]

FRANK LOWN and TOM WOODS, Copartners Doing Business Under the Firm Name and Style of LOWN & WOODS, Appellants, v. JOSE M. MIRANDA, Appellee.

Messrs. Duffy & Robins, for Appellants.

Messrs. Hardy & Hardy, for Appellee.

ROSS, C. J.—Frank Lown and Tom Woods, partners, did certain street improvements under contract, in proximity to a lot in the city of Nogales, Arizona, belonging to Jose M. Miranda, against which was assessed as its proportionate amount of the entire improvement the sum of $51.17. The improvement was made in pursuance of the terms of chapter 13, title 7, Civil Code of 1913, entitled "Improvements of Streets," and all the proceedings in that regard

were regular and legal. In an effort to collect of the owner, Miranda, or out of his improved property, the above assessment, the contractors brought an action in the superior court of Santa Cruz county, where the property is situate, and procured service upon Miranda by publication, as provided in paragraph 447 of the Civil Code. Miranda failed to appear or answer, and judgment was entered establishing a lien against the property for the assessment, interest, and costs. Thereafter execution issued, and under it the property was sold to Lown and Woods for the sum of $373.10. July 8th, 1925, the purchasers were given a sheriff's deed of the property.

On April 5th, 1926, Miranda brought this suit to vacate and set aside the judgment, the execution sale and deed, alleging that during all the time he was a resident of Los Angeles, California; that he had no actual knowledge of the improvement having been made, or of the suit to collect the assessment against his property; that he first learned of these matters in August, 1925, and immediately went to Lown and Woods, and tendered to them the sum of $373.10, being the amount paid by them at the sale of such property, which amount was refused; that the constructive service of summons upon him was defective and void, because it was not shown that he could not with due diligence have been found; that said sale should be vacated on the further ground that the price paid was inadequate. With the filing of his complaint, Miranda paid into court the sum of $373.10, to be applied in repaying Lown and Woods the purchase price of said property.

Defendants Lown and Woods opposed the complaint, and contended that the constructive service of summons was in accordance with law, and that inadequacy of price when property is sold for taxes

or assessments is never a ground for vacating a sale.

The case was tried to the court, and the court found, among other things:

"That at all times during the time constructive service was being sought against plaintiff herein in said action, the property above described was tenanted by persons who rented said property from plaintiff, which said persons well knew plaintiff's address. . . . "

From such finding the court made the following conclusion of law:

"That due diligence was not used by defendants to find the plaintiff before filing said foreclosure suit, and that by reason thereof the constructive service obtained upon the defendant in said suit (plaintiff herein) is wholly null and void, and the court in said suit was without jurisdiction to proceed in said foreclosure suit, and to render judgment therein, and to order the sale of the property therein involved,"

—and entered judgment in favor of the plaintiff.

Defendants have appealed, and present their grievances in the form of two questions, namely:

"First, was due diligence used by defendants in an effort to find plaintiff before filing the foreclosure suit against him? Second, can a judicial or execution sale be attacked in another action because of inadequacy of price?"

Defendants assert that the first question should be answered in the affirmative, and the second in the negative.

It seems to be conceded by defendants that due diligence to find the owner must have been exercised by them before constructive service of summons could be had. Paragraph 1966, Civil Code, provides that, if the owner of property liable for street assessments "cannot with due diligence be found, the service of summons may be had in such a man-

ner as is prescribed by the laws of this state."
The general statute providing for service of summons by publication requires an affidavit of the party seeking to obtain such service, to the effect that defendant is a nonresident of, or absent from, the state, or that he is a transient person, or that his residence is unknown to affiant, or that he conceals himself. Paragraph 447, Civil Code. Precedent to the right to have constructive service under this statute, the existence of certain facts must be shown, and "hence the fact and the mode of establishing it is jurisdictional." *McCracken* v. *Flanagan*, 127 N. Y. 493, 24 Am. St. Rep. 481, 28 N. E. 385.

According to the agreed statement of facts, the affidavit for constructive service undertook to comply with such requirement by "stating that the residence of the defendant was unknown." The affidavit did not state, or undertake to state, that any effort or diligence had been exercised to find Miranda. It completely ignored the showing of "due diligence" required by paragraph 1966, *supra*. Under this provision, legal service by publication cannot be had, unless it is made to appear somewhere, somehow, that the owner, after "due diligence," could not be found. The right to have service by publication is predicated upon that showing. It will be noticed that the right to have constructive service under paragraph 1966, *supra*, does not depend upon the existence of any of the facts giving such right under paragraph 447, *supra*, but does depend upon a showing of "due diligence" to find the defendant. The statute, paragraph 1966, *supra*, does not state, in terms, that a showing of due diligence shall be set up in the affidavit for constructive service, although it seems to us it is apparent that such was the intention. As a part of that paragraph is this statement:

"In all suits for recovery of street assessments, the proceedings therein shall be governed and regulated by the provisions of this chapter, and also, when not in conflict herewith, by the Codes of this state."

This means, as we conclude, that, if a showing of "due diligence" is made in the affidavit for constructive service, the summons may be served by publication in the manner provided by the general statute. Because the affidavit for constructive service did not show the fact of "due diligence," the service by publication was no service, and the proceedings to establish and foreclose the special assessment lien and to sell Miranda's property were void and ineffectual.

But, if it be conceded that the fact of "due diligence" can be established otherwise than by the affidavit for constructive service and subsequent to such service, the finding of the court is adverse to the defendants. An inspection of the evidence and the findings discloses that the defendants did make extensive and numerous inquiries and investigations as to the whereabouts of the plaintiff, omitting, however, to make inquiry of his tenants. That source of information certainly would have been sounded if the defendants sincerely wanted to find the plaintiff.

It follows that the judgment should be affirmed on this ground alone. This dispenses with the necessity of passing upon the other question.

Judgment affirmed.

LOCKWOOD and McALISTER, JJ., concur.