295 P.2d 1088

**STATE of Arizona ex rel. Robert MORRISON, Attorney General, Appellant,**

**v.**

**C. A. McCARRELL, a single man, Spencer Balcomb and Donna Balcomb, his wife, Appellees.**

**No. 6217.**

Supreme Court of Arizona.

April 17, 1956.

Robert Morrison, Atty. Gen., R. G. Lang-made, Asst. Atty. Gen., for appellant.

Earl Platt, St. Johns, for appellees.

PHELPS, Justice.

This is an appeal by the state of Arizona from a judgment dismissing with prejudice plaintiff's complaint in which it was sought to set aside a default judgment theretofore entered against the state, arising out of an action to quiet title to certain land located at Sanders in Apache County adjacent to the Santa Fe Railroad and U. S. Highway 66 running through that town. The facts will be hereinafter more fully set out.

The details as to the quiet-title action, being Cause No. 3057 (our Docket No. 6072 on appeal), 80 Ariz. 240, 295 P.2d 1086, are fully set forth in the companion decision handed down this date.

After the quiet-title action (our No. 6072, supra,) had been appealed to this court, the instant equitable action was filed in the superior court asking that said default judgment be set aside upon the ground of extrinsic fraud in its procurement. The defendants moved to dismiss the complaint upon the ground (1) that it failed to state a claim upon which relief could be granted;

(2) that the court lacked jurisdiction over the person of the defendants and over the subject matter of said action in that there was another action pending at the time, being cause No. 3057, supra, between the same parties and relating to the same subject matter; and (3) that this action amounts to a collateral attack upon that judgment.

The defendants also filed a plea in bar or abatement based upon grounds Nos. 2 and 3 set forth in the motion to dismiss. The court granted both motions upon the ground that the issue in this case and in Cause No. 3057, supra, were " * * * almost identical and the allegations of intrinsic fraud do not meet the requirements of our statute. * * *." and thereupon ordered the complaint dismissed and the cause abated. This appeal is from that judgment.

Appellant assigns as error the dismissal of the complaint upon the ground stated by the court that parties and issues involved are the same as in Cause No. 3057 and that "the allegations of intrinsic fraud do not meet the requirements of our statute," and asserts that its complaint was based upon *extrinsic* fraud in the procurement of the default judgment here involved.

■ Under the circumstances we must look to the allegations of the complaint to ascertain if they are sufficient to charge extrinsic fraud. For the purpose of determining its sufficiency or lack of suffi-

ciency we must treat the allegations therein as true.

The complaint alleges that the attorney general was at all the times here involved the legal advisor of the state highway department and that the land involved in this litigation had been occupied by the state highway department within a fenced enclosure since 1935; that it was first occupied under a lease from defendant Balcomb for approximately 10 years; that in 1944 the property was conveyed to the state by warranty deed and that the highway department has at all times since then continuously occupied said property openly and notoriously; that at the time of the filing of the quiet-title action the state had made permanent improvements thereon of approximately $10,000 in value.

It alleges that the complaint in the quiet-title action contained the allegation that said land was occupied by the highway department; that the attorney for defendants had, in April, 1949, more than five years after the state had occupied the land as owner, sought to have the description of the land conveyed to the state corrected so (as they claimed) it would conform with the description of the land occupied by the state and upon which the improvements were made.

It further alleges that after investigation through the assistant attorney general the state highway department declined to ac-cede to the request upon his advice that the description in the deed correctly described the land used by the highway department as its camp; that between 1949 and 1954 at various times defendants' attorney sought to induce the state to reconvey a part of the land to them and in 1953 defendants' attorney requested a correction of the description and again upon advice of an assistant attorney general specially assigned to it, the highway commission refused to reconvey any portion of said land and entered upon its minutes its decision to refuse to reconvey any of the land it had occupied for years upon the ground that it had title thereto.

The complaint further alleged that said assistant attorney general began to prepare to answer any action that might be filed against the state and to procure evidence to defend said action by procuring a statement from the grantor in the deed to the state that the property occupied by the highway department was correctly described in the deed and was the identical property he intended to convey to it.

It is further alleged that the attorney general upon receipt of service of process upon the state in the quiet-title action referred the matter to the commissioner of the state land department and upon being informed by that office that the records of his department "did not show this to be state land" the attorney general wrote a letter to the county attorney of Apache County that the state land department had

advised that there was no state land involved in the quiet-title action and requested the county attorney to appear and answer for the state when he answered for Apache County. It appeared from the pleadings that Apache County was not a party to the action and the county attorney filed no answer for the state.

The complaint further alleges that the attorney general did not advise the highway commission that an action had been filed against the state involving land occupied by it although the complaint alleged the land was claimed by the highway department; that no notice was given to the highway department nor the assistant attorney general representing that department of the existence of such action and that they had no knowledge that any action was pending until 1955 when the highway department received a letter from the attorney for the defendants bearing date January 31, 1955, inquiring if it would be necessary for him to procure a writ of restitution provided for in the judgment.

It is further alleged that there is no statutory or inherent power in the office of the attorney general to dispose of or abandon property belonging to the state and that the highway commission did not authorize the attorney general or any person to abandon the state's claim or title to said property; that the commission did not authorize and had no knowledge that the attorney general had advised the county

attorney of Apache County that the state had no interest in the title to said land and no action was ever taken by the highway commission approving the action of the attorney general in abandoning the state's title thereto.

It is further alleged that both the counsel for defendant and the assistant attorney general assigned to represent the highway department well knew both before and at the time of the trial of Cause No. 3057 that there was no act, purpose or intention on the part of the highway commission to give up or abandon the right, title and interest of the state in and to such land.

The complaint further alleges on information and belief that the attorney for the plaintiffs in the quiet-title action concealed facts from the court well known to plaintiffs and their attorney, viz., that the state through the highway commission did claim title to said property and intended to answer the complaint filed by plaintiffs defending the state's title thereto; that the court did, under the circumstances, order and sign a default judgment quieting title to said lands in defendants in the instant action.

A careful analysis of the allegations of the complaint (the material portions of which are set out above) leads us to the conclusion that it does state a cause of action based upon extrinsic fraud. This being true, it was error for the trial court

to dismiss the complaint upon either or all of the grounds set forth in defendants' motion to dismiss. Whether the state will be able to prove the allegations of its complaint upon the trial of the cause does not concern us at this time. As above stated, for the purpose of determining the sufficiency of the complaint we must treat the allegations as true.

We will now proceed to a consideration of grounds Nos. 2 and 3 upon which defendants relied in their motion to dismiss plaintiff's complaint and in their plea in bar or abatement, as above set forth.

### No. 2. Lack of Jurisdiction Because of Another Action then Pending.

█ It is true the two causes of action are between the same parties but they do not concern the same issues. In Cause No. 3057, supra, motion was made by the state under the provisions of Rule 60(b), supra, to set aside a default judgment upon the ground of mistake, inadvertence, surprise or excusable neglect which was denied because not brought within six months. This case is a new cause of action in equity between the same parties brought to set aside the default judgment upon the ground of extrinsic fraud and we believe it is expressly authorized in Rule 60(b), supra, section 21–1502, A.C.A.1939, now Rule 60(c), 1956, in the following language:

"* * * This rule does not limit the power of a court to entertain an action to relieve a party from a judgment, order, or proceeding, * * *."

In any event this court held in the case of Collister v. Interstate Fidelity Building & Loan Ass'n, 44 Ariz. 427, 38 P.2d 626, 98 A.L.R. 1020, that the fact that the court had denied a motion to vacate did not deprive it of the power to consider a second motion to accomplish the same purpose, made within six months after rendering a default judgment whether based upon the same or different grounds. If that is a correct holding it would appear to remove any doubt as to the right of a person to file an independent action in equity to set aside a judgment on the ground of extrinsic fraud even though a motion to set aside for excusable neglect, etc., had been previously denied.

█ The fact that Cause No. 3057 was on appeal to this court does not affect the right of the state to maintain this, an entirely separate action based on entirely different grounds. The trial court under the law is divested of jurisdiction in that case except to perform the necessary acts in furtherance of the appeal. Navajo Realty Co. v. County Nat. Bank & Trust Co., 31 Ariz. 128, 250 P. 885. This rule certainly has no application to a new cause of action allowed under the law designed to afford relief against a judgment rendered in that case and in which the complaint in the new cause of action was dismissed.

No. 3.   Collateral Attack on Judgment in Quiet-title Action.

■■ Defendants further claim that this cause of action constitutes a collateral attack upon the judgment in the quiet-title action and that the judgment does not show upon its face that it is void and therefore may not be subject to collateral attack. This is not a collateral attack upon the judgment in that case. The setting aside of said judgment is not sought in this case as an incident to obtaining further and different relief but is clearly a direct attack upon said judgment for the reason that setting aside the judgment is the ultimate end in view. It is the end result sought by the state. In Schuster v. Schuster, 51 Ariz. 1, 73 P.2d 1345, 1347, it is pointed out that a collateral attack is one where

"' * * * the action is not brought for the sole purpose of impeaching or overturning the former judgment, but has also for its object an independent relief or result, * * *. Tube City Min., etc., Co. v. Otterson, 16 Ariz. 305, 146 P. 203, L.R.A.1916E, 303; 23 Cyc. 1062.' "

Judgment of the trial court is ordered set aside for the reasons hereinabove stated, with directions to reinstate the complaint.

LA PRADE, C. J., and UDALL, WINDES and STRUCKMEYER, JJ., concur.