Stevie Jackson HUNT et al., Appellants,

v.

G. E. RAMSEY, Jr., et al., Appellees.

No. 5379.

Court of Civil Appeals of Texas.

El Paso.

April 6, 1960.

Rehearing Denied May 4, 1960.

**550**

Robert L. Sonfield, Houston, for appellants.

Henry Russell, Pecos, Harry G. Dippel; Frank L. Merrill, Fort Worth, Durward Goolsby, Midland, for appellees.

FRASER, Justice.

This is a suit filed by plaintiffs in the District Court of Reeves County, Texas, seeking to set aside a judgment theretofore rendered by such court on May 14, 1952, in Cause No. 4650, styled G. E. Ramsey, et al., v. J. H. Rawls, et al., insofar as such judgment affects them and the lot and farm claimed by them.

Plaintiffs have called their action a "bill of review", and have stood upon their Second Amended Original Petition and Bill of Review. The defendants in this suit, G. E. Ramsey, Jr. (Ramsey, Sr., having died), and Republic National Bank of Dallas, Trustee, and defendant, Continental Oil Company, filed pleas in abatement, and the oil company added special exceptions pointing out the absence of indispensable parties, or, alternatively, necessary and proper parties. The trial court sustained the pleas in abatement and exceptions, and this appeal results therefrom.

Plaintiffs call their action a petition and bill of review, and the same is filed by Stevie Jackson Hunt and Minerva Jackson Moye, heirs of S. W. Jackson, deceased. They seek to set aside the judgment obtained in the prior suit by the Ramseys (which was a trespass to try title suit), and allege that citation by publication was wrongfully issued and was issued upon false allegations and without diligent inquiry; that the testimony in such case on the question of limitation was false, and that the acts of the plaintiffs in said case were a fraudulent conspiracy, having as its purpose the deprivation of the plaintiffs of their right to present their defense. The defendants here answer, saying that if this is a direct attack on the prior judgment, then all parties to such judgment are necessary parties to this suit, and if this is a collateral attack, then the plaintiffs cannot go behind the record and the recitations of the judgment itself. For these reasons, defendants maintain, then, that the trial court was correct in granting the pleas in abatement and exceptions. The

prior judgment had many defendants who are not joined in this suit.

We believe the judgment of the trial court must be sustained as this suit, in our opinion, must be classed as either a collateral attack or an unsuccessful direct attack on a judgment rendered by a court of competent jurisdiction. There is no question but what the District Court of Reeves County, where the judgment was rendered, was such a court, as the land involved lay within the confines of Reeves County.

First of all, it must be noted and continually borne in mind during the processes of considering this matter that the judgment attacked is. a judgment obtained by the plaintiffs against *all* of the named defendants, for title and possession of *all* of the land involved. The land involved was a former townsite, or development area, consisting of lots and small farm plots which had been sold and peddled to a great number of buyers, who had apparently abandoned their purchases. This, therefore, is not a suit to set aside a judgment directed by one party against another party, but the bill of review here attempts to pick out one of many, many defendants and revoke the judgment as far as he is concerned. While this would certainly be much more economical for the plaintiffs here, we cannot find sufficient authority to warrant such piece-meal attack in this manner, of a judgment apparently valid on its face.

Among other things, plaintiffs in this suit allege, in their petition, that the testimony in the prior suit with regard to the question of limitation was false, and that the acts of the plaintiffs in such cause were a fraudulent conspiracy. It would seem evident that these assertions, standing in the plaintiffs' petition here, if proven (and of course they had to have a meritorious defense), could very likely affect the title of other defendants, or the plaintiffs themselves, in the former suit. It would therefore be unwise and inequitable

to permit this proof to be made in this manner here, thereby casting in doubt the merits of the entire judgment, with a consequent cloud on the title therein obtained, and casting doubt, then, on the oil lease held by defendant, Continental Oil Company. We have reached the conclusion that, here, because of these features, plus the fact that this is a suit for all of the land against all of the named defendants, with the impact of the additional fact that a former townsite is here involved, with its attendant rights in alleys and streets, the plaintiffs' attack on the prior suit must be construed as a collateral attack, or an unsuccessful direct attack.

It has been held many times, in attacking a judgment, that failure to make those who are necessary parties, parties to the lawsuit, renders the attack collateral, and not direct: Griggs v. Montgomery, Tex.Civ.App., 22 S.W.2d 688, (n. w. h.); Garza v. Kenedy, Tex.Com.App., 299 S.W. 231; Burton v. McGuire, Tex.Civ.App., 3 S.W.2d 576; Avant v. Broun, Tex.Civ. App., 91 S.W.2d 426, (wr. dism.), (and cases therein cited); Pure Oil Co. v. Reece, 124 Tex. 476, 78 S.W.2d 932; Hartel v. Dishman, 135 Tex. 600, 145 S.W.2d 865; 25 Tex.Jur. 653, sec. 234. It will be noticed that the above authorities establish that all parties who would be, or might be, affected by the judgment, must be named in a direct attack on such judgment. Such is the case here. We therefore hold that, in a cause of this nature, where the petition and bill of review seeks to set aside a judgment in trespass to try title obtained by certain plaintiffs against all of the land and all of the named defendants, all parties must be cited in a direct attack on such judgment. The reasons for such holding are obvious, as a judgment of this type must be destroyed and the new and proper judgment substituted in its place. Bridgman v. Moore, Tex.Civ.App., 206 S.W.2d 871; Burton v. McGuire, supra; Garza v. Kenedy, supra. The very nature of this judgment precludes an attack by piece-meal measures or attempts.

One of the leading cases cited by plaintiffs in this suit is Lamb v. Isley, Tex.Civ. App., 114 S.W.2d 673. In this case, the court held that the judgment was awarded to Isley against Lamb, and was therefore a severable judgment. In other words, Isley recovered title and possession of a distinct tract of 3.86 acres, against Lamb, and was awarded a separate, distinct interest in such, as against Lamb. We do not feel that such is the case in the matter before us, where we have a judgment for all the plaintiffs against all the defendants, for all of the land—not separate and distinct parcels attached to or owned by each defendant.

Therefore, it seems clear that, if this was a direct attack, then all necessary parties were certainly not included, for plaintiffs did not join any of the many defendants in the prior case, and the plea in abatement was properly sustained.

If, then, this is a collateral attack upon the judgment, the recitations of the judgment itself control. We have examined the judgment and find that it is valid on its face, both as to jurisdiction and disposition of the subject matter. Its recitations must be taken as true, both as to service and evidence in support of said judgment, in any collateral attack.

A collateral attack upon a judgment has to depend on the record itself, as only void judgments may be set aside by collateral attack: Cox v. Campbell, Tex. Civ.App., 257 S.W.2d 462; Jackson v. Slaughter, Tex.Civ.App., 185 S.W.2d 759; Harvey v. Peters, Tex.Civ.App., 227 S.W. 2d 867.

For the reasons stated above, we hold that the trial court acted correctly in sustaining the pleas in abatement and exceptions. Having failed to cite all of the necessary parties, plaintiffs' suit fails as a direct attack upon the judgment. As a collateral attack, it fails because the judgment is not void, but is valid on its face and contains all the necessary recitations to sustain it.

Being prohibited from going behind the record in a collateral attack, plaintiffs cannot succeed in such collateral attack.

For the reasons and authorities above stated, plaintiffs' points are all overruled, and the judgment of the trial court affirmed.