421 P.2d 913

Helen SCHWAMM, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF PIMA, and William C. Frey, a Judge thereof, Respondents,

and

Lewis W. Davis, Real Party in Interest.

No. 2 CA–CIV 321.

Court of Appeals of Arizona.

Dec. 23, 1966.

Rehearing Denied Jan. 20, 1967.

Review Denied Feb. 28, 1967.

David S. Wine, Tucson, for petitioner.

Boyle, Bilby, Thompson & Shoenhair, by Richard M. Bilby, Tucson, for Real Party in Interest.

MOLLOY, Judge.

■ A writ of certiorari was granted in this proceeding to test the denial of a motion to dismiss a civil action filed under the provisions of the Uniform Declaratory Judgments Act, A.R.S. section 12–1831 et seq. The action in question seeks to have declared null and void, for lack of jurisdiction over the person, a judgment for money rendered in a divorce action by the Circuit Court, Dade County, Florida. Lewis W. Davis, the real party in interest here, is the person against whom said judgment was rendered and he is the plaintiff below. The wife in the Florida divorce case is the petitioner herein and she alleges that the denial of her motion to dismiss the complaint seeking declaratory relief is erroneous and beyond the jurisdiction of the trial court for the reason that the Declaratory Judgments Act of this state cannot be used as a means to test the validity of a judgment of a court in another action.

Petitioner relies upon three prior decisions of our Supreme Court: Valley Nat. Bk. v. Hartford A. & I. Co., 57 Ariz. 276, 113 P.2d 359 (1941), Shattuck v. Shattuck, 67 Ariz. 122, 192 P.2d 229 (1948), and Glassford v. Glassford, 76 Ariz. 220, 262 P.2d 382 (1953). In each of these cases our Supreme Court made pronouncements which taken at their fullest, and at first impression, would seem to sustain the contentions of the petitioner.[1] An analysis of these cases, however, has convinced us that these decisions have no pertinency to the problem now before us and that the denial of the motion to dismiss this complaint was not erroneous.

In each of the decisions relied upon an attack was being made upon a judgment or an order of a court of competent jurisdiction, which had jurisdiction over the parties concerned. The decisions are foundationed upon the general principle that persons who have had an opportunity to litigate a matter should not be permitted to relitigate the same matter in a different action.

■ Our problem here is quite different. The thrust of the action below is that default judgment was entered ex parte without due process, and that, therefore, the Florida court lacked jurisdiction over the person against whom the judgment was rendered. Whether this contention is right or wrong, we are not concerned, because on a motion to dismiss all matters properly pleaded are assumed to be true. Condon v. Arizona Housing Corporation, 63 Ariz. 125, 160 P.2d 342 (1945).

■ Nor are we concerned with the contention belatedly raised in the reply brief filed in this court that the issue of lack of jurisdiction over the person has been previously raised by the real party in interest and determined adversely to him in Florida[2] and New York[3] judicial proceedings.

1. In Valley Nat. Bk. v. Hartford A. & I. Co., 57 Ariz. 276, 283, 113 P.2d 359, 362 (1941), our Supreme Court said that the question of whether a probate court had jurisdiction to reduce a trustee's surety bond, ex parte, was " * * * not one of those for a declaratory judgment." In Shattuck v. Shattuck, 67 Ariz. 122, 132, 192 P.2d 229, 235 (1948), our Supreme Court said: "The act [Declaratory Judgments Act] does not expressly or by implication authorize a court to entertain a proceeding to determine any questions of the construction or validity of a judgment or decree of a court of competent jurisdiction, or to declare the rights or legal relations of interested parties thereunder." In Glassford v. Glass-

ford, 76 Ariz. 220, 227, 262 P.2d 382, 386 (1953), the court said: "It is our conclusion, therefore, that our declaratory judgment statute does not contemplate a declaration of one's status or rights under a decree of a court of competent jurisdiction and that, therefore, plaintiff has not established a right to a declaratory decree."

2. See Davis v. Davis, 159 So.2d 879 (Fla. App.1964).

3. We have been supplied with what purports to be a facsimile copy of a publication in an undisclosed periodical of a decision of an undesignated New York court in an action entitled "5827 Schwamm, plf-res. v. Davis, def-ap.," which decision ap-

The motion to dismiss filed in the lower court makes no mention of the defense of res judicata. In this court the petitioner contends this was raised by her contention that the complaint failed to state a cause of action. An examination of the record below [4] fails to support this contention and hence we refuse to consider the possible defense of res judicata. First National Bank of Arizona v. Otis Elevator Co., 2 Ariz.App. 80, 406 P.2d 430 (1965).

■ We are thus concerned only with the question of whether in an action for declaratory judgment the superior court had jurisdiction to determine that a Florida judgment is void because entered without jurisdiction over the person against whom judgment was rendered. We believe this question must be answered in the affirmative.

Long before the advent of declaratory judgment acts,[5] equitable relief against the enforcement of judgments obtained without jurisdiction over the person was granted. 49 C.J.S. Judgments § 352, p. 710; 30A Am. Jur. Judgments §§ 772, 773, p. 715. Illustrative of cases granting such relief without the aid of a declaratory judgment act are the following decisions. Wilson v. Shipman, 34 Neb. 573, 52 N.W. 576 (1892), citing 10 Amer. & Eng. Enc. Law, 902; Earle v. McVeigh, 91 U.S. 503, 23 L.Ed. 398 (1876); Kibbe v. Benson, 17 Wall. 624, 84 U.S. 624, 21 L.Ed. 741 (1874); York v. State of Texas, 137 U.S. 15, 11 S.Ct. 9, 34 L.Ed. 604 (1890).

■■ We believe it to be the manifest intent of a declaratory judgment act, such as ours, to open up avenues of relief rather than to close avenues previously established:

"In other words, declaratory judgment statutes permit only a more general use of a device which has heretofore existed in many fields."

22 Am.Jur.2d Declaratory Judgments § 3, p. 838.

We believe such an act:

" * * * should be construed liberally, * * * in favor of persons seeking relief under their provisions, so as to enable the statutes to accomplish their purpose and attain their objective, with a view of making the courts more serviceable to the people and the profession."

26 C.J.S. Declaratory Judgments § 9, pp. 64–66.

See also 22 Am.Jur.2d Declaratory Judgments § 8, p. 843, and Illinois Power Company v. Miller, 11 Ill.App.2d 296, 137 N.E.2d 78 (1956).

We see nothing in our particular act to gainsay these general statements. Rather, the following in our code seems to be in accord therewith:

"§ 12–1835. Enumeration not exclusive

"The enumeration in §§ 12–1832, 12–1833 and 12–1834 does not limit or restrict the exercise of the general powers con-

4. The motion to dismiss states as one of the grounds:

"That said complaint fails to state a claim upon which the relief prayed for can be granted; * * *."

The only portion of the memorandum filed in the lower court in support thereof reads:

"This ground for the motion to dismiss is substantially like the ground for the motion to dismiss *for lack of jurisdiction over the subject matter. Each of these grounds is based upon the* pears to affirm an order for summary judgment entered on November 21, 1962, upholding the Florida judgment in question.

*fact that the court cannot entertain the prayer of the plaintiff under the Uniform Declaratory Judgments Act."* (Emphasis added)

5. 22 Am.Jur.2d Declaratory Judgments § 3, p. 838, indicates that the declaratory judgment did not receive statutory sanction in this country generally until about 1920. The first declaratory judgment acts were adopted around 1919, when statutes of this nature were enacted in Florida, Michigan and Wisconsin (see Note 8, 22 Am.Jur.2d, p. 839). The Arizona Declaratory Judgments Act was adopted by Ch. 10, Laws of 1927, and is modeled after the Uniform Declaratory Judgment Act of 1922.

ferred in § 12–1831, in any proceeding where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty."

A.R.S. § 12–1835

When the controversy involved the construction of judgments and the determination of whether a particular judgment is within the power of the court to render, there is considerable diversity of authority as to whether such may be resolved in a declaratory judgment action. 26 C.J.S. Declaratory Judgments § 43, p. 125; 22 Am.Jur.2d Declaratory Judgments § 17, p. 860; 154 A.L.R. 740. It was in this area that Shattuck v. Shattuck, 67 Ariz. 122, 192 P.2d 229 (1948), spoke. The problem presented in *Shattuck* is discussed and resolved in a similar fashion in an enlightening opinion rendered by the Supreme Court of Minnesota, Bengtson v. Setterberg, 227 Minn. 337, 35 N.W.2d 623 (1949).

However, as to the particular problem now before this court, we have encountered no decision holding that a judgment rendered without jurisdiction over the person may not be attacked in a declaratory judgment action. The general law seems to be as follows:

"The enactment of the legislation providing for declaratory judgments has not detracted from the rule that judgments are not subject to collateral attack; so, an action for a declaratory judgment cannot be used to attack collaterally the judgment of a court of competent jurisdiction, *although it may be used to determine whether the court had jurisdiction to enter any judgment at all in the matter involved."* (Emphasis added)

26 C.J.S. Declaratory Judgments § 43, p. 125.

■ Courts have occasionally spoken of actions to set aside an order made by a court having jurisdiction over the parties as being a "collateral attack," as was done in

Shattuck v. Shattuck, supra, (67 Ariz. at 132, 192 P.2d 229). An action such as this cannot be relegated to the classification of a "collateral attack" under the definition of such term as given in State v. McCarrell, 80 Ariz. 243, 295 P.2d 1088 (1956). In this decision our Supreme Court said:

"Defendants further claim that this cause of action constitutes a collateral attack upon the judgment in the quiet-title action and that the judgment does not show upon its face that it is void and therefore may not be subject to collateral attack. This is not a collateral attack upon the judgment in that case. The setting aside of said judgment is not sought in this case as an incident to obtaining further and different relief but is clearly *a direct attack upon said judgment for the reason that setting aside the judgment is the ultimate end in view.* It is the end result sought by the state." (Emphasis added)

80 Ariz. at 249, 295 P.2d at 1091.

Nor is this a collateral attack within the concepts of the Restatement of the Law of Judgments:

"The taking of proceedings in the action in which a judgment is rendered to have the judgment vacated or reversed or modified by appropriate proceedings either in the trial court or in an appellate court is a direct attack upon the judgment. *So also, the taking of independent proceedings in equity to prevent the enforcement of the judgment is a 'direct attack' as the term is used in the Restatement of this Subject."* (Emphasis added)

Restatement, Judgments, § 11, Comment a.

■ The fact that the instant action is brought in Arizona, presumably with jurisdiction over the person of the interested parties,[6] does not militate against the rendering of appropriate relief:

"Hence a court exercising equitable jurisdiction can give relief against a judgment

---

**6.** The petitioner challenged the jurisdiction of the court over her person in the

lower court but this has not been presented to us for determination on certiorari.

rendered by any court in any State provided only that it has jurisdiction over the parties. If it has jurisdiction over the parties, a judgment which it renders is valid even though it is erroneous for the court to exercise the power which it has (see Comment h on § 112)."

Restatement, Judgments, § 114, Comment a.

Also see 30A Am.Jur. Judgments, section 261, p. 326.

The order of the lower court denying the motion to dismiss the plaintiff's complaint is approved and this case is remanded to the lower court for further proceedings consistent herewith.

KRUCKER, C. J. and HATHAWAY, J., concur.