429 P.2d 438

**Dale MILLER and Meryl E. Miller, his wife,**
Appellants,

v.

**CORNING GLASS WORKS, a corporation,**
Appellee.

No. 8028.

Supreme Court of Arizona.

In Division.

June 22, 1967.

Gorey & Ely, by Herbert Ely, Phoenix, for appellants.

Snell & Wilmer, by Roger W. Perry, Phoenix, for appellee.

UDALL, Justice.

The appellant, hereinafter referred to as plaintiff, on or about the 25th of November, 1960, was being served as a customer in the Gourmet Ham Arena, in Phoenix, Arizona, when a glass coffee pot exploded causing injury to her. It is stated in the complaint that appellee, hereinafter referred to as defendant, a corporation, manufactured the defective coffee pot and was doing business within the state of Arizona.

Suit was filed in Superior Court on the 12th day of December, 1961, and service was attempted to be made on defendant outside of the state by publication in an Arizona newspaper.

The defendant, having failed to answer or otherwise plead to the complaint within

the time provided by statute, a default judgment was ordered in favor of plaintiff on the 22d of March, 1962. Thereafter, on the 4th day of April 1962, defendant filed a motion to set aside the default judgment on the grounds that defendant had not been served with summons and complaint as provided in Rule 4(e). This motion was granted and the plaintiff appealed to this Court from the order setting aside the default judgment. His appeal was dismissed by this Court on motion of the defendant, without written opinion, on the 25th of September 1962. Thereafter on November 1, 1962, summons was issued out of the Superior Court in the same cause, and a summons and complaint was attempted to be served upon defendant by mailing a copy of the summons and amended complaint, by regular mail, to defendant's address at Corning, New York. The plaintiff also attempted to serve the defendant by publication in an Arizona newspaper.

On the 14th of January 1963 defendant filed a special appearance which consisted of a motion to dismiss on the following grounds: Lack of jurisdiction, improper venue, and insufficiency of the service of process. Defendant asserted that because of the faulty service of process the court was without jurisdiction to determine the cause, and the court granted defendant's motion to dismiss on the 11th day of March 1963, without specifically ruling on the involved constitutional issues. This appeal followed.

Plaintiff contends that the trial court committed error in two respects: in granting defendant's motion to dismiss, since the plaintiff had complied with Rule 4(e) of the Arizona Rules of Civil Procedure, 16 A.R.S. in serving process on the defendant, and in granting defendant's motion to vacate and set aside the default judgment since the court had jurisdiction to render the judgment, in light of the allegedly vivid compliance with Rule 4(e) in serving process on defendant.

The plaintiff contends that service was made on defendant in 1962 pursuant to Rule 4(e) (1) and (3) of the Arizona Rules of Civil Procedure; that defendant was served with process both by publication and registered mail, as provided by the Rules above referred to. The defendant disagrees with this contention by first asserting that defendant was never served by registered mail, challenging the record for proof of such an allegation. In this regard it is quite apparent that defendant's contention is correct, since the Abstract of Record does not contain any documentary evidence to show that defendant was so served.

In further response to plaintiff's contentions, defendant states that the attempted service by publication was inadequate since the affidavit was faulty and did not confer jurisdiction on the trial court, and that the affidavit filed by plaintiff for the purpose of having the defendant served pursuant to publication is entirely inadequate since the statements contained in the affidavit are not statements of fact but are almost entirely allegations based on information and belief.

The plaintiff lists nine propositions of law which he claims support both assignments of error. The first eight propositions are addressed to constitutional questions. However, apparently both plaintiff and defendant have reached the conclusion that the real issue relates to the question of the sufficiency of the service of process. Plaintiff, in his reply brief, summarizes this issue as follows:

"In light of the foregoing, the problem boils down to this question:

'Was the service of process upon the defendant by publication and by regular mail an authorized form of obtaining in personam jurisdiction under our rules, and if so, were the requirements of due process met?' "

Plaintiff's proposition of law which relates to this issue, reads as follows:

"Where the affidavits filed by a party seeking to implement the provisions of Rule 4(e) are attacked as insufficient by a motion to dismiss, such a motion must

be made in conformance with Rule IV(a) of the Uniform Rules of Practice of the Superior Court of Arizona [17 A.R.S.], and where the motion fails to state 'as a minimum, the precise legal points, statutes and authorities relied on', as required by that rule, and good cause for such failure is not shown, then the motion to dismiss, so far as based upon purported insufficiencies in the affidavits, 'shall be denied'."

The involved rules read as follows:

Rule 4(e) (1), as amended:

"4(e) (1) *Summons: alternative methods of service.* When a defendant is a nonresident of the state, or is absent from the state, or is a transient person, or is one whose residence is unknown to the party, or *is a corporation incorporated under the laws of any other state or foreign country which has no legally appointed and constituted agent in this state,* or is concealing himself to avoid service of summons, a summons shall be issued as in other cases and service may be made in accordance with Sections 4(e) (2) or 4(e) (3) of this Rule. * * * and shall be in addition to and not exclusive of any other means of service which may be provided by statute or rule. Amended July 14, 1961." (Emphasis supplied.)

"4(e) (2) *Summons; personal service out of state.* When the defendant is a resident of this state, or is a corporation doing business in this state, or is a person, partnership, corporation or unincorporated association subject to suit in a common name which has caused an event to occur in this state out of which the claim which is the subject of complaint arose, service may be made as herein provided, and *when so made shall be of the same effect as personal service within the state.* In case of a corporation or partnership or unincorporated association, service under this Rule shall be

made on one of the persons specified in Section 4(d) (6). (Emphasis supplied.)

*       *       *       *       *       *

Rule 4(e) (2) (b)

"(b) *Direct Service.* Service out of the state may also be made in the same manner provided in Section 4(d) of this Rule by a person authorized to serve process under the law of the state where such service is made. Service shall be complete when made and time for purposes of Rule 4(e) (4) shall begin to run at that time, provided that before any default may be had on such service, *there shall be filed an affidavit of service showing the circumstances warranting the utilization of the procedure under Section 4(e) (1)* and attaching an affidavit of the process server showing the fact of the service. Amended July 14, 1961. * * * (Emphasis supplied.)

"4(e) (3) *Summons; service by publication.* * * *. Service by publication shall be made by publication of the summons in a newspaper published in the county where the action is pending, * * * at least once a week for four successive weeks and the service shall be complete thirty days after the first publication. When the residence of the defendant is known, the party shall on or before the date of the first publication mail a copy of the summons and complaint, postage prepaid, directed to the defendant at his place of abode.

"The plaintiff shall file an *affidavit showing the publication and mailing and the circumstances warranting the utilization of the procedure under Section 4(e) (1)* which shall be prima facie evidence of compliance herewith, and if the residence is unknown, the affidavit shall so state. Amended July 14, 1961. * * *" (Emphasis supplied.)

Both Rule 4(e) (2) and 4(e) (3) provide that before any default may be had "there shall be filed an affidavit of service showing the circumstances warranting the

utilization of the procedure under § 4(e) (1), [(3)]. The plaintiff shall file an affidavit showing the publication and mailing."

■ Defendant contends that plaintiff's affidavit for service by publication is faulty in that the plaintiff has failed to set out in the affidavit that defendant had no legally-appointed and constituted agent. In D. W. Onan & Sons v. Superior Court, 65 Ariz. 255, 179 P.2d 243, we said:

> "The predicate for securing service on foreign corporations doing business in this state but having no legally appointed and constituted agent is affidavit setting up such facts".

In Evans v. Hallas, 64 Ariz. 142, 167 P.2d 94, this Court stated it is essential to the validity of service by publication that the record disclose the essential facts which the Rule requires, or service by publication is ineffective. See Ashford v. Ashford, 201 Or. 206, 249 P.2d 968, 268 P.2d 382, and State ex rel. Crummer v. 4th Jud. Dist. Court, 68 Nev. 527, 238 P.2d 1125.

■ Defendant claims that by leaving out of the affidavit the fact that the defendant had no legally-appointed and constituted statutory agent in the state of Arizona, plaintiff did not comply with Rule 4 (e) (1) and (3). We agree with this contention. Such statutes "are construed strictly and the statutory provisions for acquiring jurisdiction of a defendant by other than personal service must be strictly pursued." Fletcher Encyclopedia Corporations, Vol. 18, § 8767, p. 794. And see 42 Am.Jur.Process, § 66; and 72 C.J.S. Process § 64a.

■ Since plaintiff was obligated to file an affidavit showing the service by publication, and the circumstances warranting the utilization of the procedures under Rule 4(e), "which shall be prima facie evidence of compliance therewith", it was necessary, in delineating these circumstances, to allege that the defendant (a) is a corporation incorporated under the laws of any state or foreign country, and (b) has no legally-

appointed agent in the state of Arizona. These two circumstances are basic to the utilization of the procedure under § 4(e) (1). For, if there was a legally-appointed and constituted statutory agent within the state, it clearly would be contrary to the rules of Procedure to permit the plaintiff to acquire service by publication on a corporation that was doing business outside of the state. As was stated in Fletcher Cyclopedia Corporations, supra:

> "Where service by publication is relied on solely, and it is alleged in the affidavit therefor, that, with the exercise of due diligence, the plaintiff is unable to procure service of summons on the defendant within the jurisdiction, the facts necessary to show that due diligence was used to obtain personal service should be stated." Vol. 18, § 8768, p. 796, 797.

■ We find that defendant's objections to the affidavit filed by plaintiff for service by publication are well taken, because the affidavit fails to show the circumstances warranting the utilization of the procedure under § 4(e) (1) and does· not set out the facts essential to justify service by publication.

> "It is a general rule that an affidavit for publication of summons, which merely repeats the language of the statute or its substance is not sufficient, but the ultimate facts of the statute must be proved by the affidavit, by showing the probative facts upon which the ultimate facts depend, and that it is not sufficient for the order to state that the ultimate facts 'appear to the satisfaction of the court,' but they must be sustained by the probative facts stated in the affidavit; in other words the probative facts set out in the affidavit must be sufficient to justify the court in being satisfied of the existence of the ultimate facts required by the statute before it has jurisdiction to order service of summons by publication." Fletcher Cyclopedia·Corporations, Vol. 18, § 8768, pp. 798, 799.

**330**

In the affidavit of November 16, 1962, plaintiff alleges the following purported facts on information and belief:

That defendant is a foreign corporation;

That defendant is not authorized to do business in the state of Arizona;

That defendant manufactures coffee pots;

That such coffee pots were sold to customers within the state of Arizona;

That defendant makes warranties in relation to its manufactured products; and

That defendant is amenable to service by publication within the state of Arizona.

■ It is apparent that these alleged ultimate facts or conclusions of law are fact. There is no statute or ruling in Arizona which authorizes this jurisdictional affidavit to be made on information and belief. This legal principle is clearly stated in 3 Am.Jur.2d, Affidavits, § 22:

"* * * an affidavit the statements of which are alleged on information and belief will usually be held insufficient, except when authorized by statute, either expressly or by implication. An affidavit, the statements of which are alleged on information and belief, is insufficient in any instance where the affiant is required to make the affidavit as to the substantive truth of the facts stated, and not merely as to good faith."

The District Court of Appeals in California, in Miller v. Superior Court, 195 Cal.App.2d 779, 16 Cal.Rptr. 36, held that affidavit by which satisfactory proof that defendant, upon whom service is made, comes within one of the categories in which service by publication is allowed, is a jurisdictional requirement and that the affidavit is a fundamental document. Therefore, the allegations should conform to Rules of Evidence and "state probative facts of affiant's own knowledge," rather than hearsay information or mere legal conclusions. This view is supported in Ashford v. Ashford, supra.

For these reasons it is our opinion that the judgment vacating and setting aside the default judgment in favor of the plaintiff and granting a dismissal of the cause must be affirmed.

McFARLAND, V. C. J., and LOCKWOOD, J., concur.