474 P.2d 459

**Gilberto V. LLAMAS, Petitioner,**

v.

**The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF PIMA, Hon. John P. Collins, Judge of the Superior Court and Country Escrow Service, an Arizona corporation as Trustee under Trust #9365–T, Real Party in Interest, Respondents.**

**No. 2 CA–CIV 888.**

Court of Appeals of Arizona, Division 2.

Sept. 25, 1970.

Legal Aid Society of the Pima County Bar Association by Sally Pasette and Anthony B. Ching, Tucson, for petitioner.

Soble & Cole, by Joseph H. Soble, Tucson, for respondent Country Escrow Service, real party in interest.

HATHAWAY, Judge.

This petition questions the validity of a service of summons by publication. Petitioner was living in a home upon which respondent Country Escrow Service held

a mortgage. Petitioner failed on a payment and respondent brought a suit for foreclosure. A summons issued to be served on petitioner. Respondent filed an affidavit to invoke service by publication as provided in Rule 4(e) (1) of the Arizona Rules of Civil Procedure, 16 A.R.S. His statement of due diligence was, "Checked by process server. Unable to locate." Publication was accomplished in the proper manner and for the proper length of time. Petitioner made no appearance, and a motion for default judgment was filed and granted.

Petitioner then in the Pima County Superior Court moved that the default judgment be vacated on the grounds that the affidavit of return as to non-residency is on its face invalid, that due diligence was not used in attempting to locate him, and if allowed to stand, the judgment violated the due process clauses of the U. S. and Arizona Constitutions.

This special action arises from the fact that respondent in the hearing on this motion received permission from the superior court judge to introduce testimony of due diligence. Petitioner claims that in doing so the judge is exceeding his jurisdiction, is being arbitrary and capricious, and is abusing his discretion.

Rules dealing with service of process such as 4(e) (1) and 4(e) (3) that allow acquisition of jurisdiction through other than personal service must be strictly construed. Miller v. Corning Glass Works, 102 Ariz. 326, 429 P.2d 438 (1967). Due diligence in trying to serve the summons personally is required before jurisdiction through publication will be granted. Preston v. Denkins, 94 Ariz. 214, 382 P.2d 686 (1963). The existence of the jurisdictional fact that residence is unknown and not the mere allegation of such fact is required. Ibid. It is not enough to state that residence is unknown without setting forth the efforts made to locate party. Lown v. Miranda, 34 Ariz. 32, 267 P. 418 (1928). Proof of due diligence must consist of probative

facts stated in the affidavit based upon affiant's knowledge and not belief, hearsay information, or legal conclusions. Miller v. Corning Glass Works, supra.

The affidavit in the present case was made by the attorney for respondent, not the process server himself, and recites that the process server was unable to locate petitioner. This does not satisfy the above authorities. The facts really show that due diligence was not used. Respondent had the incorrect name on the summons even though he had several mortgage papers with petitioner's signature upon them. Petitioner has continued to live in the house subject to the foreclosure. His name has been in the phone book during all these proceedings.

We hold that the court had no jurisdiction to grant the default judgment and cannot take further testimony to correct the affidavit. Nosal v. Collett, 8 Ariz.App. 571, 448 P.2d 415 (1968). The judgment is void for lack of jurisdiction and is vacated. Preston v. Denkins, supra.

HOWARD, C. J., and KRUCKER, J., concur.