489 P.2d 1262

**Marilyn A. COOPER, Appellant,**

v.

**COMMONWEALTH TITLE OF ARIZONA
et al., Appellees.**

**Marilyn A. COOPER, a divorced woman deal-
ing with her sole and separate prop-
erty, et al., Appellants,**

v.

**Donald T. DAILEY, a divorced man, dealing
with his sole and separate prop-
erty, Appellee.**

**Nos. 1 CA–CIV 1330, 1 CA–CIV 1429.**

Court of Appeals of Arizona,
Division 1.

Oct. 28, 1971.
Rehearing Denied Dec. 13, 1971.
Review Denied Jan. 11, 1972.

tory judgment action brought by appellant Marilyn A. Cooper seeking declaration of her rights to certain real property. Cause No. 1 CA–CIV 1429 is an appeal from a summary judgment in favor of appellee Dailey in an action brought against appellant seeking ejectment from the same real property.

Marilyn A. Cooper, hereinafter referred to as appellant, was awarded title and ownership in the subject real property in a Decree of Divorce in Maricopa County Superior Court in September of 1967. In July of 1968, the Government National Mortgage Association, holder of a mortgage on said property, sued appellant to foreclose said mortgage in Maricopa County Superior Court cause No. C–213615. Affidavits of the process server and Government National's attorney were filed to the effect that appellant could not be located for personal service and, after service by publication, default and Judgment of Foreclosure were entered against appellant. In November of 1968, the property was purchased at the sheriff's sale by appellee Commonwealth Title of Arizona, hereinafter referred to as Commonwealth, who later transferred it to appellee Dailey.

In May of 1969, appellant filed an Action For Declaratory Judgment in the Superior Court of Maricopa County against Commonwealth and Dailey seeking to have her rights in said property declared superior to theirs for the reason that she was never properly served with process in the foreclosure suit. The trial court, in granting defendants' Motion To Dismiss, issued a Memorandum of Findings And Conclusions which stated that (1) plaintiff had failed to join a necessary party-defendant —Government National Mortgage Association, (2) since Government National was not included as a defendant the action represented a collateral attack on the judgment in Cause No. C–213615 and (3) "The plaintiff does not question the sufficiency of the affidavit for publication, and the court finds the proceedings in that case are regular on their face."

Stover & Burke by John E. Burke, Jr., Phoenix, for appellants.

Richmond, Ajamie, Fay & Warner by Richard E. Fay, Phoenix, for appellees.

HOWARD, Judge.

This appeal involves two Superior Court actions which were ordered consolidated by this court. Cause No. 1 CA–CIV 1330 is an appeal from the dismissal of a declara-

Subsequent to the dismissal of cause No. C–223472, appellee Dailey filed a suit in ejectment against appellant, cause No. C–229909 which is now the subject of 1 CA–CIV 1429. Appellant, in her answer to appellee Dailey's complaint, raised two defenses: (1) That the affidavit of the process server in Cause No. C–213615 was insufficient on its face, and (2) that an ejectment action could not be maintained as Cause No. C–223472 was being appealed. The court granted appellee's Motion For Summary Judgment.

■ Appellant's Complaint For Declaratory Relief reveals that, in attacking the judgment in Cause No. C–213615, she did not question the sufficiency of the affidavit for publication but rather attacked the jurisdiction of the court on the grounds that the affidavit was false in that had there actually been due diligence appellant would have been located and personally served in Maricopa County. The distinction between these two possible methods of attack is important, for if the affidavit itself is attacked as being insufficient the court needs only to look to the instrument itself to determine its validity as a matter of law, Llamas v. Superior Court, 13 Ariz. App. 100, 474 P.2d 459 (1970); Nosal v. Collett, 8 Ariz.App. 571, 448 P.2d 415 (1968), whereas, where the affidavit is sufficient but it is alleged that it is false in that due diligence was not actually used, the party attacking the judgment must present evidence to support the allegation and this evidence may be controverted by the opposing party. Preston v. Denkins, 94 Ariz. 214, 382 P.2d 686 (1963).

Appellant contends that Government National Mortgage Association, plaintiff in Cause No. C–213615, is not a necessary party to the action for declaratory relief for the reason that, its foreclosure judgment having been satisfied by the proceeds from the sheriff's sale, it no longer claims any interest in the property. Appellant further maintains that the declaratory judgment action does not constitute a collateral attack on the previous judgment but rather a direct attack and even if collateral, that it is allowable.

Appellees maintain that the foreclosure judgment is valid on its face and therefore that Government National is an indispensable party to the action making Cause No. C–223472 a collateral attack on the judgment in Cause No. C–213615.

■ It is, of course, true that an action for declaratory judgment may be used in Arizona to attack a previous judgment as being void for lack of jurisdiction. Schwamm v. Superior Court, 4 Ariz.App. 480, 421 P.2d 913 (1966). However, it is also true that an action for declaratory judgment cannot be maintained to collaterally attack a previous judgment unless that judgment is void on its face. State v. McCarrell, 80 Ariz. 243, 295 P.2d 1088 (1956); Shattuck v. Shattuck, 67 Ariz. 122, 192 P.2d 229 (1948); Hallford v. Industrial Commission, 63 Ariz. 40, 159 P.2d 305 (1945); Carpenter v. Carpenter, 244 N.C. 286, 93 S.E.2d 617 (1956); 26 C.J.S. Declaratory Judgments § 43, p. 125. As appellant's complaint in No. C–223472 clearly reveals that she was not attacking the judgment in No. C–213615 as being void on its face we are faced with the question of whether this action constitutes a collateral attack. Our Supreme Court has consistently held that:

"* * * where an action has for its primary purpose the obtaining of independent relief, and the vacating or setting aside of a judgment is merely incidental thereto, such action is not a direct, but a collateral, attack upon the judgment." Cox v. Mackenzie, 70 Ariz. 308, 312, 219 P.2d 1048, 1051 (1950); Bates v. Mitchell, 67 Ariz. 151, 154, 192 P.2d 720, 722 (1948); Schuster v. Schuster, 51 Ariz. 1, 5, 73 P.2d 1345, 1347 (1937); Dockery v. Central Arizona Light & Power Co., 45 Ariz. 434, 445, 45 P.2d 656, 660 (1935).

We also believe that for an independent action to constitute a direct attack upon a former judgment all parties to the former action must be before the court in the lat-

ter. *See, e. g.*, Hunt v. Ramsey, 334 S.W. 2d 549 (Tex.Civ.App.1960); Perdue v. Miller, 64 S.W.2d 1002 (Tex.Civ.App. 1933); 49 C.J.S. Judgments § 408a, pp. 805–806. The reason for such a rule is clear. As the purpose of a direct attack is to have the former judgment declared void all parties to that judgment must be before the court, and furthermore, where the judgment is not attacked as being void on its face, as in the case at bar, the outcome of the attack must depend on the evidence presented to support the affidavits, and only the parties to the original action could be expected to bring forth such evidence.

■■ Appellant's declaratory judgment action did not seek directly to have the judgment in Cause No. C–213615 declared void, even though such a result would have been necessary for her to obtain the relief she sought. The primary purpose of appellant's action was not to have the foreclosure judgment obtained by Government National declared void but rather to have her rights to the property declared superior to those of the subsequent purchaser at the sheriff's sale. Thus, if this action were allowed, the innocent subsequent purchaser would be required to present facts to support affidavits which were presented in an action to which the purchaser was not even a party. Appellant's contention that Government National need not be included as a defendant because it no longer claims any interest in the property is without merit as once the judgment in Cause No. C–213615 is declared void their mortgage would reattach and they would be required to refund the proceeds received from the sheriff's sale. Williams v. Williams, 32 Ariz. 164, 256 P. 356 (1927). We are therefore of the opinion that appellant's action in Cause No. C–223472 constituted a collateral attack on the judgment in Cause No. C–213615.

■ As has previously been mentioned, the trial judge in No. C–223472, in his Memorandum of Findings and Conclusions,

found that "the proceedings in that case [C–213615] are regular on their face." Furthermore, appellant, in her Answer filed in the suit for ejectment, No. C–229909, as a "special defense", alleged that the affidavits used to obtain service by publication were "insufficient and irregular on the face thereof." Thus, the question of whether the judgment in No. C–213615 was void on its face was, in fact, before the trial court in both the action for declaratory judgment and the action for ejectment. Furthermore, an appellate court will consider jurisdictional questions either *sua sponte* or where raised for the first time on appeal. *See e. g.*, Ronan v. First National Bank of Arizona, 90 Ariz. 341, 367 P.2d 950 (1962); Hughes v. Industrial Commission, 69 Ariz. 193, 211 P.2d 463 (1949); Gage v. Gage, 11 Ariz.App. 76, 462 P.2d 93 (1970).

As was stated succinctly in Llamas v. Superior Court, supra:

"Rules dealing with service of process such as 4(e) (1) and 4(e) (3) that allow acquisition of jurisdiction through other than personal service must be strictly construed. Miller v. Corning Glass Works, 102 Ariz. 326, 429 P.2d 438 (1967). Due diligence in trying to serve the summons personally is required before jurisdiction through publication will be granted. Preston v. Denkins, 94 Ariz. 214, 382 P.2d 686 (1963). The existence of the jurisdictional fact that residence is unknown and not the mere allegation of such fact is required. Ibid. It is not enough to state that residence is unknown without setting forth the efforts made to locate [the] party. Lown v. Miranda, 34 Ariz. 32, 267 P. 418 (1928). Proof of due diligence must consist of probative facts stated in the affidavit based upon affiant's knowledge and not belief, hearsay information, or legal conclusions. Miller v. Corning Glass Works, supra." 13 Ariz.App. at 101, 474 P.2d at 460.

The affidavit of the process server in Cause No. C–213615, which was used to obtain service by publication, stated:

"Inspection of the Subject premises revealed to be vacant.

Affiant has made due and diligence search and has been unable to locate Defendants, DARRELL J. COOPER and MARILYN A. COOPER, his wife, within Maricopa County, Arizona, therefore personal service of process could not be made upon said Defendant."

The Affidavit of Unknown Residence, filed by Government National's attorney, was merely a form with the names of the defendants typed in and in no way stated facts to support a finding that a diligent search and inquiry had actually been made to ascertain the residence or whereabouts of defendants. While the standard which must be met in the affidavits themselves to show due diligence must be determined subjectively, certain minimum efforts must be required in all cases. The affidavits herein failed to indicate whether telephone listings, county voting lists, county assessor's records, utility companies, neighbors or even the city directory were checked, or whether any attempt had been made to determine if appellant had left a forwarding address. While it may not be necessary to indicate in the affidavit that all of these sources were checked, it seems clear that a mere check of the premises which reveals the same to be vacant falls far short of probative facts which support a finding of due diligence.

■ Our Supreme Court, in Hughes v. Industrial Commission, supra, set forth the following rule:

"This court has repeatedly stated that three elements must occur or a judgment or order is void upon its face and hence subject to attack at any time. These elements are (1) jurisdiction of the subject matter of the case, (2) of the person involved in the litigation, and (3) to render the particular judgment or order entered." 69 Ariz. at 197, 211 P.2d at 465.

The distinction between a judgment which is void on its face and one which is merely voidable is important, for the former may be attacked at any time, collaterally or otherwise, while the latter is subject only to direct attack. Hallford v. Industrial Commission, supra; Carpenter v. Carpenter, supra.

■ We are of the opinion that the affidavits used to obtain service by publication in Cause No. C–213615 do not meet the standards set forth in Miller v. Corning Glass Works, supra, and Llamas v. Superior Court, supra.

As no evidence may be taken to correct these insufficient affidavits, Llamas v. Superior Court, supra; Nosal v. Collett, supra, we feel there is no need for further litigation on this point and hold that the judgment in Cause No C–213615 is void on its face for lack of jurisdiction.

Both Cause No. C–223472 and Cause No. C–229909 are remanded to the trial court with instructions to enter judgment in favor of appellant.

KRUCKER, C. J., and HATHAWAY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12120, subsec. E.