NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, ex. rel., *Petitioners/Appellants*,

*v.*

CHRISTOPHER ROBERT MYERS, *Respondent/Appellee*.

No. 1 CA-CV 17-0734 FC
FILED 10-25-2018

Appeal from the Superior Court in Maricopa County
No. FC2016-095941
The Honorable Brian Kaiser, Judge *Pro Tempore*

**REVERSED AND REMANDED IN PART; VACATED IN PART**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Carol A. Salvati
*Counsel for Petitioners/Appellants*

Ronald L. Kossack, Attorney at Law, Tempe
By Ronald L. Kossack
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

---

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Kenton D. Jones and Judge David D. Weinzweig joined.

---

**S W A N N**, Judge:

¶1 This is a paternity action brought by the state against Christopher Robert Myers under 42 U.S.C. § 654. The state moved for summary judgment based on compelling genetic test results. The superior court denied the state's motion and in effect entered summary judgment in favor of Myers based on his theory that the court, in a previous action to which Myers was not a party, had erroneously nullified the paternity of a non-party to the paternity action. We hold that because Myers never directly challenged the order in the separate action, never joined the parties from that action in the paternity case, and never presented evidence to rebut the test results, he failed to meet his burden of proof to show a genuine issue of material fact. We therefore reverse and remand for entry of judgment for the state, and we vacate the appealed order's modifications of the non-party's paternity and the child's birth certificate.

**FACTS AND PROCEDURAL HISTORY**

¶2 L. was born out of wedlock in 2006. At the time of L.'s birth, Juventino Morales Cortez acknowledged paternity and was named on the birth certificate. L.'s mother and Cortez later married and divorced. The 2009 decree of dissolution declared that Cortez was not L.'s father and ordered him removed from L.'s birth certificate.

¶3 Years later, in 2016, the state filed a paternity and child-support action against Myers. Court-ordered genetic testing established with 99.99% probability that Myers is L.'s biological father.

¶4 The state moved for summary judgment based on the test results. Myers responded that paternity was already established against Cortez because the dissolution decree's nullification of Cortez's paternity was void as time-barred under A.R.S. § 25-812. The state replied that the nullification order was valid and final. Neither party sought to join Cortez or to intervene in the dissolution case.

¶5        The court denied the state's motion for summary judgment, concluding that it had lacked "jurisdiction over the matter of paternity" in the dissolution case.  The court vacated the dissolution decree's paternity orders and ordered Cortez "reinstat[ed] . . . as the natural father of [L.]" based on his "fail[ure] to challenge the voluntary acknowledgment of paternity within the appropriate period of time."  The court also ordered that L.'s birth certificate be amended to reflect Cortez's paternity and L.'s original surname.

¶6        The state appeals.

## JURISDICTION

¶7        We have an independent duty to examine our jurisdiction. *Baker v. Bradley*, 231 Ariz. 475, 478–79, ¶ 8 (App. 2013).  An order denying summary judgment ordinarily is not appealable.  *Orme School v. Reeves*, 166 Ariz. 301, 302–03 (1990).  But here, the superior court did more than merely deny the state's summary judgment motion—it effectively granted summary judgment for Myers without Myers having sought such relief under Ariz. R. Civ. P. ("Rule") 56, and it created paternity in a non-party to the action.  We therefore have jurisdiction under A.R.S. § 12-2101(A)(3), which provides that an appeal may be taken "[f]rom any order affecting a substantial right made in any action when the order in effect determines the action and prevents judgment from which an appeal might be taken."

## DISCUSSION

¶8        Summary judgment is warranted "if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law."  Rule 56(a).

¶9        The state presented genetic test results sufficient to create a statutory presumption, rebuttable by clear and convincing evidence, of Myers's paternity under A.R.S. §§ 25-807(D) and -814(A)(2) and (C).  The burden of production then shifted to Myers to present sufficient competent evidence of a genuine issue of material fact, *see GM Dev. Corp. v. Cmty. Am. Mortg. Corp.*, 165 Ariz. 1, 5 (App. 1990), by way of specific statements of fact supported by citations to the record, *see* Rule 56(c)(3)(B).

¶10        Myers presented no evidence to contest or disprove his paternity; he instead challenged the dissolution decree's nullification of Cortez's paternity.  But Myers never timely sought to join the dissolution action.  Nor, in the paternity action, did he seek to join any of those who were parties to the dissolution action.  He therefore could not obtain the

proof his defense theory required. *See Cooper v. Commonwealth Title of Ariz.*, 15 Ariz. App. 560, 562–63 (App. 1971) ("[F]or an independent action to constitute a direct attack upon a former judgment all parties to the former action must be before the court in the latter."). Accordingly, the superior court erred by denying the state's motion for summary judgment, by effectively entering judgment for Myers, and by modifying the dissolution decree.

## CONCLUSION

¶11 We reverse and remand for entry of summary judgment for the state. We vacate the superior court's orders re-establishing Cortez's paternity and modifying L.'s birth certificate.



AMY M. WOOD • Clerk of the Court
FILED: AA